NEWBURGH STEEL CO. *v.* AUTO STEEL CO.

1. CORPORATIONS—REPORTS—MISTAKES—CONSTRUCTION OF STATUTES. Statute relative to the filing of corporate reports should be liberally construed to the end that innocent mistakes requiring correction or explanation will not result in confiscation and in the annulment of valuable rights resulting from suspension of corporate powers (Act No. 327, § 87, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933).

2. Same—Filing Reports—Payment of Annual Privilege Fees—Substantial Compliance.

> Failure of a foreign corporation which has been admitted to do business to comply substantially with the statute relative to filing of annual reports and payment of annual privilege fee results in the suspension of the power of the corporation to sue (Act No. 327, § 87, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933).

3. Same—Foreign Corporations—Filing Reports—Payment of Fee—Suspension of Power to Sue.

> Power to sue of foreign corporation whose annual report was not accepted in August of year due, was returned to responsible officer who thereupon relied upon another officer to take care of the matter and same was not filed and annual fee paid until at least two days after action at law was commenced some eight months later *held,* suspended at time action was started, there having been a failure to effect substantial compliance with the act on part of plaintiff and not an innocent mistake (Act No. 327, § 87, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933).

Appeal from Wayne; Dehnke (Herman E.), J. Submitted January 13, 1939. (Docket No. 48, Calendar No. 40,340.) Decided March 9, 1939.

Assumpsit by Newburgh Steel Company, an Ohio corporation, against Auto Steel Company, a Michigan corporation, for sums allegedly due on a contract for the sale of steel. From allowance of motion to dismiss, plaintiff appeals. Affirmed.

*Jacob F. Schulman* and *Alfred A. May (Joseph Burston,* of counsel), for plaintiff.

*Beckenstein, Wisok & Maguire,* for defendant.

Bushnell, J. This is an appeal from an order dismissing plaintiff's declaration and writs of garnishment in an action of assumpsit. The controlling

question is whether plaintiff, an Ohio corporation, made such a substantial compliance with the provisions of Act No. 327, Pub. Acts 1931, as amended (Stat. Ann. § 21.1 *et seq.*), pertaining to the filing of annual reports of foreign corporations and payment of fees, so that it was permitted to maintain an action on a contract entered into during the month of April, 1938. Plaintiff sold some rolled steel to defendant, for which it claimed an indebtedness in the sum of $1,912.24. The Ohio corporation was admitted to do business in Michigan in 1931. Sometime in August of 1937, the secretary of the company called at the Detroit office of the Michigan corporation and securities commission and presented the annual report of the Ohio corporation, having with him a check for the purpose of paying the necessary fees. ·He was informed at that time by an employee of the commission that some changes were required in the report, and was told to make these changes and bring the report back at his earliest convenience. The corrected annual report was not filed until about the 30th of April or the 1st of May in 1938. The present suit was commenced by plaintiff on April 28, 1938, writs of garnishment having been issued on the same date. Defendant appeared and moved to dismiss the action and the writs of garnishment for the reason that plaintiff was not authorized to do business in the State of Michigan on April 28, 1938, and that its corporate powers were suspended at the time. See Act No. 327, § 87, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 10135-87, Stat. Ann. § 21.87). The trial judge dictated an opinion at the close of the testimony and granted defendant's motion. Several other questions are raised but the one first stated herein is decisive of the controversy, that question being con-

trolled by *L. J. Barry Coal Co.* v. *Houghten,* 282 Mich. 547. In discussing the effect of the act, *supra,* the court said in that case:

"The law must be liberally construed, otherwise some inconsequential error on account of which the report might be returned for correction or explanation would result in confiscation and in the annulment of valuable rights. We have heretofore held that there must be a liberal construction of the law and that an innocent mistake in the report, such as here made, will not result in suspension. See *R. C. Mahon Co.* v. *Molin,* 252 Mich. 606; *Gregorian Building Co.* v. *Galvin,* 268 Mich. 273. The option is, therefore, a valid contract."

But the court added:

"A failure to comply substantially with the statute also results in the suspension of the power to sue and were it not for the fact that the commissioner had kept plaintiff's check for the 1935 fees and finally accepted the report substantially in its original form, the query would arise whether plaintiff had a right to bring the suit. However, giving the act a liberal construction and considering the fact that both the correct amount of fees and the report substantially in form as finally accepted by the commissioner were sent and received within the prescribed time, the order dismissing the suit is reversed without costs to either party and the case remanded to the trial court for further action."

In the *Barry Case* the annual report was mailed to the Michigan corporation and securities commission (Act No. 13, Pub. Acts of 1935 [Comp. Laws Supp. 1935, § 9769–1 *et seq.,* Stat Ann. § 19.781 *et seq.*]), accompanied by a check for the amount which plaintiff claimed to be due for the franchise fee, et cetera. This check was cashed and never returned to the corporation. No objection was made

to the report filed by Barry in September of 1935 until the following March, when it was informed that the amount of tax remitted was insufficient and that the report required some minor corrections. In the interval Barry had entered into a contract with Houghten on December 6, 1935, and it was charged that this contract was void because, when made, plaintiff's corporate powers had been suspended due to its failure to file the required report and pay its franchise fee in accordance with the act, *supra*.

It will readily be seen that the facts in the instant case are entirely different. This plaintiff's annual report was presented in August of 1937, and its responsible officer was informed at that time that the report would not be accepted. Plaintiff's officer apparently made no attempt to pay any franchise fee in August, 1937. He took the papers back to his office and relied upon another officer to take care of the matter. The annual report was not filed nor the fee paid until at least two days after plaintiff began the action that is before us. These circumstances could hardly be characterized as a "substantial compliance" with the statute or an "innocent mistake" on the part of plaintiff. Notwithstanding appellant's argument, such a holding on our part, in the light of the facts of the instant case, would be tantamount to judicial repeal of a legislative act.

Neither the other arguments presented nor the additional reasons assigned by the trial judge to support the order of the dismissal require discussion.

The order of dismissal is affirmed, with costs to appellee.

Butzel, C. J., and Wiest, Sharpe, Potter, Chandler, and McAllister, JJ., concurred. North, J., took no part in this decision.