WHEELER v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ALTERATION OF LIABILITY OF GROUP INSURER—EMPLOYER'S AGENCY FOR EMPLOYEES.

Question of whether or not employer was the agent of its employee in executing amendment changing liability of insurer

under group policy is not decided where plaintiff, the employee, took no cross appeal from an adverse ruling to that effect.

2. Venue—Filing of Appearance and Answer—Transitory Action.

In insured's action against group insurer brought in circuit court of a county in which neither party was a resident, insurer's motion to dismiss for lack of jurisdiction, filed after appearance and answer were filed but immediately upon discovery of fact that plaintiff was a nonresident of the county, was too late, as the action was a transitory one and defendant had submitted itself to the jurisdiction of the court.

3. Insurance—Group Policy—Notice of Disability—Finding of Court—Evidence.

In action by employee, insured under a group policy, for disability benefits claimed to have accrued thereunder, where plaintiff testified he had mailed notice in accordance with the policy and defendant's attorney, not under oath, denied it was received, finding of trial court that due notice was given cannot be said to be against the preponderance of the evidence.

4. Appeal and Error—New Trials.

An unconditional order granting a new trial may not be reviewed on a general appeal in the nature of a writ of error.

5. Insurance—Group Policy—Date of Disablement.

That insured carried on his work to some extent after a certain date does not conclusively indicate that he was not permanently and totally disabled of that date and not entitled to disability benefits available under group life insurance policy.

6. Appeal and Error—Variance—Amendment of Declaration.

In action for disability benefits under a group life insurance policy where declaration alleged disablement occurred as of November 1, 1935, and proofs showed that it occurred prior to August 1, 1935, the variance is one which can be cured by amendment and, on appeal, declaration will be regarded as amended.

Appeal from Macomb; Reid (Neil E.), J. Submitted June 4, 1940. (Docket No. 14, Calendar No. 41,122.) Decided September 6, 1940.

Action by Anson B. Wheeler against Equitable Life Assurance Society of the United States, a New

York corporation, for sums due under the terms of a disability provision in a group life insurance policy. Judgment for plaintiff. Defendant appeals. Affirmed.

*Sol Blumrosen,* for plaintiff.

*Miller, Canfield, Paddock & Stone,* for defendant.

CHANDLER, J. This is an action to recover $500, plus interest, as the amount of insurance claimed under a disability provision in a policy issued by the defendant society. Plaintiff was employed by the Cook Coffee Company as a salesman from December, 1933, to November, 1935, working on a commission basis. In 1927, the Coffee Company had secured a group life insurance policy for its employees. The policy contained a "total and permanent disability" provision in which defendant agreed to pay the full amount of insurance to any employee who became totally and permanently disabled while employed by the Coffee Company. In December, 1934, a certificate was issued to plaintiff, notifying him that he was included in the group policy.

As of August 1, 1935, the defendant and the Coffee Company amended the group policy by executing a rider deleting the total and permanent disability provision, the policy thereafter providing only for death benefits. Plaintiff claims, and the jury found at the first trial, that he was not given notice of the amendment. But the trial court found in its opinion that the Coffee Company was the agent of plaintiff in executing the amendment and that he was bound thereby. Plaintiff has taken no cross-appeal from this ruling.

The court further found that plaintiff was totally and permanently disabled prior to August 1, 1935, the date the amendment became effective. The dis-

ablement consisted of the contraction of tubercu-
losis by plaintiff. Dr. Derby of Herman Keifer
Hospital in Detroit testified that he was disabled
early in 1935, prior to August 1st, and should have
been hospitalized. Plaintiff testified that he mailed
a letter in February, 1936, to the insurer as notifica-
tion of his disability. He did some work after
August 1, 1935, and as late as November of that
year. It is claimed by defendant that this fact, and
the fact that the declaration sets up November 1,
1935, as the date of disablement, precludes recovery
under the total disability provision, which expired
on August 1, 1935. Defendant also contends that
the trial court erred in granting plaintiff a new
trial in order to introduce additional testimony be-
fore the court had reached a decision in the first
trial. It is further claimed that the court had no
jurisdiction inasmuch as the case was started in
Macomb county, in which neither plaintiff nor de-
fendant resides, and because the declaration con-
tained no allegation of residence. It is also claimed
that plaintiff did not give due notice of his disable-
ment.

This appeal is taken from the denial by the trial
court of a motion for a new trial and a motion to
set aside the judgment.

Defendant's claim that the Macomb county court
had no jurisdiction because neither party was a
resident of that county cannot be upheld in view
of former rulings of this court. Defendant did not
object to the jurisdiction until after its appearance
and answer were filed and the trial was in progress.
Then, when it was discovered on cross-examination
that plaintiff was not a resident of Macomb county,
defendant filed a motion to dismiss. This was too
late.

In *Johnson* v. *Burke,* 167 Mich. 349, plaintiff was
a resident of Gratiot county and defendant a resi-

dent of Muskegon, which fact first appeared at the trial. The case was being tried in Ingham county. The court said:

"After a defendant in a transitory action has pleaded in bar of the action, and thus submitted himself to the jurisdiction of a court of general jurisdiction, he must be held to have waived the question of jurisdiction of the person."

See, also, *Morgan* v. *Hoey*, 209 Mich. 655; *Ovavez* v. *Patron's Mutual Fire Ins. Co.*, 233 Mich. 305.

The clause in the policy as to notice reads,

"Upon receipt of due proof of such disability before the expiration of one year from the date of its commencement."

Appellant claims that the insured did not submit due proof of disability in accordance with the requirements of this provision. The insured testified that he mailed a letter to the defendant's New York office in February, 1936, stating that he was sick; that X-rays had been taken; that he had been informed he had tuberculosis, and that he requested the defendant to pay the insurance due under the policy. A denial of the receipt of such a letter was made by defendant's attorney, but no testimony was introduced to show that the letter had not been received. It is contended that the letter, even if mailed, was not due notice, as it did not show that the disability occurred before August 1, 1935. However, the due notice clause gives the insured one year from the date of commencement of the disability to submit the "due proof." This satisfies us that the notice comes within the clause. There is testimony of mailing the letter containing the necessary information to the New York office, which is met merely by a denial by defendant's attorney, not under oath, that it was received. Under these cir-

cumstances, we cannot say that the court's finding that due notice was given is against the preponderance of the evidence.

It is claimed by defendant on this general appeal that the trial court erred in granting plaintiff's motion for a new trial before any decision was rendered in the case. It is the rule of this court that an unconditional order granting a new trial may not be reviewed on writ of error. *Decker* v. *Fair,* 222 Mich. 507; *Mifflinburg Bank* v. *Bickhart,* 224 Mich. 98; *Terzian* v. *Gordon,* 229 Mich. 296. The same rule applies to general appeals under the present practice and we cannot review the court's unconditional order granting the new trial.

Defendant contends that the trial court's finding that the insured was totally and permanently disabled within the meaning of the policy prior to August 1, 1935, is contrary to the law and to the great weight of the evidence. It is admitted that the insured did some work for the Coffee Company until the month of November, 1935. But the mere fact that an insured carried on his work to some extent after a certain date does not, under the usual legal definition of total and permanent disability, conclusively indicate that he was not permanently and totally disabled as of that date. See *Turner* v. *Fidelity & Casualty Co. of New York,* 112 Mich. 425 (38 L. R. A. 529, 67 Am. St. Rep. 428); *Hohn* v. *Inter-State Casualty Co.,* 115 Mich. 79; *Hallock* v. *Income Guaranty Co.,* 270 Mich. 448. In *Young* v. *Travelers Ins. Co.,* 80 Me. 244 (13 Atl. 896), which was quoted by this court in the *Hohn Case,* it was said:

"We think the presiding justice might have gone further in the construction of this clause of the policy, and instructed the jury that, to entitle the plaintiff to recover, he was not required to prove

that his injury disabled him to such an extent that he had no physical ability to do what was necessary to be done in the prosecution of his business, but that it was sufficient if he satisfied them that his injury was of such a character and to such an extent *that common care and prudence required him to desist from his labors, and rest,* so long as it was reasonably necessary to effectuate a speedy cure,— so that a competent and skillful physician called to treat him would direct him to do so."

To prove the fact of disablement, plaintiff's witness, Dr. Derby, testified that the hospital records and X-rays showed that the insured had tuberculosis and should have been hospitalized in the early part of 1935; that he was in no condition to work and was disabled, and the fact that he worked until November would have no bearing on the fact that he was disabled prior to August 1, 1935.

The declaration alleges the disablement as of November 1, 1935, but the trial court found and the proofs show that the disablement occurred prior to August 1, 1935. The variance is one that can be cured by amendment, and it will now be regarded as amended in accordance with the rule of *Scendar* v. *Winona Copper Co.,* 169 Mich. 665; *Hallock* v. *Income Guaranty Co., supra,* and authorities cited therein.

After careful review of the record and examination of the errors alleged, we find no reason for disturbing the judgment entered by the trial court, and it is, therefore, affirmed, with costs to plaintiff.

Bushnell, C. J., and Sharpe, North, McAllister, Wiest, and Butzel, JJ., concurred. The late Justice Potter took no part in this decision.