SOUTHFIELD COMPANY v. CHRISTENSEN.

1. Corporations—Reports—Mistakes—Construction of Statutes.
   Statute relative to the filing of corporate reports should be liberally construed to the end that innocent mistakes requiring correction or explanation will not result in confiscation and in the annulment of valuable rights resulting from suspension of corporate powers (Act No. 327, §§ 82, 87, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933, and Act No. 194, Pub. Acts 1935; Act No. 13, § 3, Pub. Acts 1935).

2. Same—Reports—Suspension of Powers.
   In corporation's action on notes wherein defense was interposed that corporate powers had been suspended when notes were executed, where corporation had theretofore filed correct fee and report and complied with requirements of the corporation and securities commission, claimed default was properly decided by trial court in plaintiff's favor as a matter of law (Act No. 327, §§ 82, 87, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933, and Act No. 194, Pub. Acts 1935; Act No. 13, § 3, Pub. Acts 1935).

3. Bills and Notes—Compromise and Settlement—Fraud—Evidence.
   In corporation's action on notes, where it appears that the home owners loan corporation had consented to their execution in settlement of balance due on land contract from defendants in addition to first mortgage to it, jury's verdict for plaintiff on claims that such notes had been procured through fraud and false representation was not against the great weight of the evidence.

Appeal from Wayne; George (Fred W.), J., presiding. Submitted April 7, 1943. (Docket No. 12, Calendar No. 42,024.) Decided June 7, 1943.

Assumpsit by Southfield Company, a Michigan corporation, against Emanuel Christensen and wife on promissory notes. On first trial, verdict for defendants. On new trial, verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*J. Bernard Dawsey* (*Hull, Brown & Fischer*, of counsel), for plaintiff.

*Ferris H. Fitch*, for defendants.

BUSHNELL, J. Plaintiff Southfield Company, a Michigan corporation, brought suit on four promissory notes of $500 each, executed by defendants Emanuel Christensen and Edna Christensen, his wife, in settlement of the balance due on a land contract. Defendants denied liability and asserted the affirmative defenses of failure of consideration, fraudulent inducement, overreaching, and that plaintiff's corporate powers were suspended at the time the notes were executed, because it was in default under the statutes which require corporations to file annual reports and pay franchise fees.[*]

All these issues were submitted to a jury which returned a verdict of no cause of action. Plaintiff then moved for a judgment notwithstanding the verdict and, in the alternative, for a new trial on the ground that the question of whether plaintiff was in default for failure to file its annual reports and pay franchise fees was a question of law, and that it was impossible to tell upon what the jury's

---

[*] See Act No. 327, § 82, Pub. Acts 1931, as amended by Act No. 194, Pub. Acts 1935 (Comp. Laws Supp. 1935, § 10135–82, Stat. Ann. § 21.82); Act No. 327, § 87, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 10135–87, Stat. Ann. § 21.87); Act No. 13, § 3, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 9769–3, Stat. Ann. § 19.783).—REPORTER.

verdict was based. The trial judge set aside this verdict on the ground that the question of whether plaintiff's corporate powers were suspended was a question of law. He then decided this issue in favor of plaintiff and granted a partial new trial confined to the factual issue of fraud. Upon the second trial the jury rendered a verdict in favor of plaintiff for the full amount of the notes and interest thereon. Defendants having filed a claim of appeal after the first trial, renewed that appeal and also took a general appeal from the judgment entered upon the second verdict.

Defendants argue that the trial court erred in setting aside the first verdict and in granting plaintiff's motion for judgment *non obstante veredicto* and a partial new trial. The principal question presented is whether plaintiff's corporate rights were suspended on November 27, 1935, the date upon which the notes were executed. The Southfield Company submitted its 1935 annual report to the corporation and securities commission, accompanied by a cash remittance of $12, and was informed by the secretary of State that the franchise fee had been incorrectly computed and a balance of $115 was due. The company had changed its capital structure from 5,000 shares of a par value of $100 each to the same number of shares without par value, and, because of this, claimed that the $12 fee was correct. Although the report and cash remittance were retained by the commission, considerable correspondence ensued, and finally plaintiff was advised, after the 1935 report was properly amended, that the fee originally paid was correct. A demand had also been made for additional fees for preceding years, and, although the record does not show how this dispute was finally concluded, there was read into the record a certificate dated January 29, 1940, show-

ing that the company had filed "all annual reports and paid the fees in connection therewith," and was "in good standing." An employee of the Detroit office of the corporation and securities commission testified that such disputes often occur, and in this instance "when the error was finally cleared between the parties the corporation was then correct in remitting $12 and in filing that report so that they complied with the requirements of the corporation and securities commission for the year 1935."

The situation presented by this record is distinguishable upon its facts from that disclosed in *Newburgh Steel Co.* v. *Auto Steel Co.*, 288 Mich. 156, and is more like that found in *L. J. Barry Coal Co.* v. *Houghten*, 282 Mich. 547, where the court said:

"The law must be liberally construed, otherwise some inconsequential error on account of which the report might be returned for correction or explanation would result in confiscation and in the annulment of valuable rights. We have heretofore held that there must be a liberal construction of the law and that an innocent mistake in the report, such as here made, will not result in suspension."

The trial court did not err in setting the first verdict aside as the clear and undisputed facts pertaining to the claimed default made that question one of law, which was properly decided by the trial judge in favor of plaintiff.

When the notes in question were executed, the balance due upon the land contract was $15,334.66. Defendants wanted to refinance their obligation, and the Home Owners Loan Corporation would lend only $8,500 on a first mortgage. At the time there was a mortgage on the property held by the Michigan Fire & Marine Insurance Company on which there was due the sum of $7,200 and certain unpaid

interest and taxes. The Home Owners Loan Corporation gave its consent to the settlement of the unpaid balance due on the land contract, with defendants' notes in the sum of $2,000, in consideration of which plaintiff was to waive the balance and execute a deed to defendants.

Defendants contend that the notes were given only as a mere formality. Their claims of fraud and false representations were submitted to the jury, and its verdict is not against the great weight of the evidence.

The judgment entered upon the verdict of the jury is affirmed, with costs to appellees.

Boyles, C. J., and Chandler, North, Starr, Wiest, Butzel, and Sharpe, JJ., concurred.