BERRY DOOR CORPORATION *v.* TOM McDONNELL, INC.

1. Corporations—Failure to File Reports and Pay Fees.
    Powers of corporation which had failed to file reports accept-
        able to the corporation and securities commission or pay its
        fees for 2 consecutive years before commencing action for
        damages for alleged breach of lease, are controlled by statute
        declaring corporate charters void (CL 1948, § 450.91).

2. Same—Winding Up—Protection of Property Rights—Lease-
    hold—Renewal.
    A leasehold and option to renew is a property right which a
        corporation that is in the process of being wound up can sue
        to protect (CL 1948, § 450.75).

3. Same—Failure to File Reports—Protection of Leasehold—
    Renewal.
    Trial judge was in error in holding a corporation which was
        suspended because of failure to file acceptable annual reports
        had no standing in court to protect its leasehold interest in
        sublease containing a right of renewal (CL 1948, § 450.75).

4. Appeal and Error—Reasons for Decision.
    The Supreme Court does not disturb the result attained by a trial
        court which reached the right result even though a wrong
        reason was assigned.

5. Corporations—Reports—Renewal of Sublease—Action for
    Breach.
    A corporation whose corporate powers were suspended at time
        it attempted to renew 5-year sublease because of failure to file
        an acceptable annual report *held,* not entitled to have the per-
        tinent statutory provision so liberally construed as to permit
        maintenance of action for sublessor's alleged breach of agree-
        ment as to lease, where plaintiff had been given the fullest
        opportunity to amplify and correct the reports but failed to
        do so until after commencement of action (CL 1948, §§ 450.75,
        450.87, 450.91).

---

References for Points in Headnotes
[2, 3, 5] 1 Am Jur, Abatement and Revival § 54.
[4] 3 Am Jur, Appeal and Error § 1008.
[6, 12–14] 30 Am Jur, Judgments § 172.
[7] 31 Am Jur, Judgments § 597 *et seq.*
[8, 10] 31 Am Jur, Judgments, § 598.
[9, 11] 42 Am Jur, Process § 107 *et seq.*

6. JUDGMENT—RES JUDICATA—SUBLEASE—POSSESSION.

Judgment of circuit court commissioner was *res judicata* as to the rights of possession of premises involved in sublease, where the judgment was complete and regular upon its face.

7. SAME—COLLATERAL ATTACK—JURISDICTION—RETURN OF PROCESS.

Collateral attack may not be made upon a judgment which is complete and regular on its face by attacking the jurisdiction of the court which rendered it by attacking the officer's return of process.

8. PROCESS—COLLATERAL ATTACK.

The return by an officer of service of process is conclusive, in any collateral proceeding, upon the parties to the suit in which the process issued and of the issuance of which the parties had full knowledge.

9. SAME—CORPORATIONS.

Valid service of process on a corporation may be made by serving any officer, director, trustee or agent thereof (CL 1948, § 613.29).

10. JUDGMENT—COLLATERAL ATTACK ON PROCESS.

A party which desires to contest a court's jurisdiction over itself cannot lie back and delay taking some action to that end, permit the court and other parties to rely on the record, and at an unseasonably later time make a collateral attack on the validity of the service of which it had complete knowledge from the date of service.

11. CORPORATIONS—SERVICE OF PROCESS ON ATTORNEY.

Knowledge of service of process in summary proceeding is ascribed to corporation whose attorney was served, where he had represented the corporation in previous litigation and corporation, in its instant action, alleged it was forced to surrender possession of the premises.

12. JUDGMENT—RESTITUTION—RES JUDICATA—BREACH OF SUBLEASE AGREEMENT.

Judgment of restitution of premises was *res judicata* in action for alleged breach of agreement in sublease for renewal, where process in summary proceedings had been served upon the corporate sublessee's attorney and no motion to quash service or other direct attack made on the judgment.

13. SAME—RESTITUTION—RES JUDICATA—BREACH OF SUBLEASE—AMENDMENT OF MOTION TO DISMISS.

Judgment of restitution in summary proceedings was determinative of rights of parties to renewal term of sublease for alleged

breach of which corporate sublessee sought damages, hence, having been considered and argued in the trial court may by amendment be added as an additional ground for dismissal of damage action.

14. APPEAL AND ERROR—BREACH OF SUBLEASE—REMOVAL OF PROPERTY—REMAND.

Action for damages for breach of sublessor's agreement in sublease and for wrongful removal of sublessee's property from the premises as to which judgment of restitution in summary proceedings was *res judicata* of rights under the sublease is remanded for trial on issue of destruction or removal of the sublessee's property.

15. COSTS—NEITHER PARTY PREVAILING IN FULL ON APPEAL.

No costs are allowed on appeal from order dismissing action for damages for breach of sublease agreement and for removal of sublessee's property, where neither party has prevailed in full.

Appeal from Oakland; Doty (Frank L.), J. Submitted January 6, 1953. (Docket No. 24, Calendar No. 45,612.) Decided March 10, 1953.

Assumpsit by Berry Door Corporation, a Michigan corporation, against Tom McDonnell, Inc., a Michigan corporation, for damages for breach of lease agreement. Case dismissed on motion. Plaintiff appeals. Affirmed in part. Remanded for trial on trespass issue.

*Donald McGaffey,* for plaintiff.

*Francis W. McCauley (Wayne A. Anderson,* of counsel), for defendant.

BUTZEL, J. Tom McDonnell, Inc., defendant and appellee, herein referred to as McDonnell, held a lease from the owner for property on Woodward avenue in the city of Birmingham, Michigan. The lease ran to August 31, 1951, and contained an option to renew for an additional term of 5 years.

McDonnell gave a sublease of the premises to Berry Door Corporation, plaintiff and appellant, herein referred to as Berry, for a term of 4 years and 10 months from November 1, 1946, so that the sublease expired on the same date as the main lease. The sublease also contained a provision giving Berry an option to renew for a further period of 5 years, on proper written notice, if given 90 days before the expiration of Berry's lease. Whether or not all rentals had been paid to May 31, 1951, on which date Berry gave McDonnell written notice of renewal, is not clear. In an earlier equity suit begun by McDonnell, it alleged that Berry was $150 in arrears in its rental payments at that date. On June 20, 1951, McDonnell notified Berry that the latter's purported exercise of the option on May 31, 1951, was ineffectual and void because the corporate powers of Berry had been suspended, the annual report for the year 1950 not having been accepted. The notice further stated that Berry's sublease would terminate on August 31, 1951, the end of the original term. Berry paid its rent for July, 1951, only after suit had been brought. It failed to pay the rent for August, 1951, which became due on August 1, 1951, whereupon summary proceedings for recovery of possession were begun before the circuit court commissioner for Oakland county, and a judgment was rendered and a writ of restitution issued thereon. Apparently the rent for August, 1951, is still unpaid. McDonnell further claims in an affidavit that no writ of restitution was ever actually served on Berry because the latter voluntarily relinquished possession of the premises. It can be gleaned from a very unsatisfactory record, consisting mainly of oral statements of counsel and affidavits on behalf of the parties, that Berry had ceased its manufacturing or more active business for which the premises formerly had been used, but still held its lease of

the premises with the expectation of subletting such portions as it did not use. It appears that the premises probably could be sublet so as to net more than $500 a month, the rental Berry had agreed to pay, and that Berry might thus realize a profit.

In July, 1951, McDonnell began the equity suit previously referred to and secured a temporary injunction to restrain Berry from seeking to sublet the premises for new terms commencing September 1, 1951, and from claiming constructive possession of the premises beyond August 31, 1951, the end of the original term. The bill was based on the claim that Berry's corporate powers were suspended on May 31, 1951, so that it could not give a valid and effective notice of renewal of its lease. The equity suit was subsequently dismissed on October 1, 1951, on McDonnell's own petition in which it stated that it would serve no purpose to continue it as the question of possession had become moot, since after a writ of restitution following judgment had been issued by the circuit court commissioner for Oakland county, Berry had relinquished possession and McDonnell was then in possession. While Berry denied the allegations in McDonnell's petition to dismiss it did not oppose a dismissal, which the court ordered.

On October 1, 1951, the day the chancery suit was dismissed by formal order, Berry began the instant action against McDonnell on the law side of the court. Berry claimed $25,000 damages, plus a like amount for what it called punitive damages but for which the declaration shows no basis whatsoever. The declaration contains 4 counts, 2 in assumpsit for breach of contract and 2 in trespass on the case. The gist of the 4 counts is Berry's claim that McDonnell breached the provisions of its lease by not honoring Berry's exercise of its option for renewal, and that McDonnell wrongfully interfered with Berry's

possession, removed or destroyed Berry's property on the premises, and unlawfully restrained Berry from negotiating new subleases with its tenants by the injunctive process; that McDonnell thus prevented Berry from securing the financial benefits in the lease that would have accrued to it had there not been an unlawful eviction. Berry indicates an unlawful and malicious use of the injunctive process to defeat its rights.

McDonnell moved to dismiss solely on the ground that Berry did not have the legal capacity to sue because of its failure to comply with CL 1948, § 450.-87 (Stat Ann § 21.87); that its corporate franchise had become absolutely void because of the provisions of CL 1948, § 450.91 (Stat Ann § 21.91); that 2 of the counts are predicated upon the alleged exercise of corporate powers at a time when they were suspended for failure to comply with the statutes (evidently in regard to filing proper reports), and that the other 2 counts did not contain sufficient allegations to make out a case. The affidavit in support of McDonnell's motion to dismiss set forth an additional ground to those contained in the motion itself directing attention to a judgment and writ of restitution obtained from the circuit court commissioner based upon Berry's failure to pay the rent that became due on August 1, 1951; that McDonnell instituted action before the circuit court commissioner for Oakland county, to recover possession of the premises for nonpayment of rent; that on August 7, 1951, a judgment of guilty was entered and a writ of restitution issued; that Berry thereafter voluntarily relinquished possession and that the circuit court commissioner's judgment was *res judicata* as to the rights of the parties to possession of the premises from and after the date of judgment.

At the hearing on the motion full argument was had as to the effect and validity of the circuit court commissioner's judgment, the same as if it had been set forth as a ground for dismissal. Berry contended that the judgment was absolutely void and of no force or effect because no jurisdiction had been obtained over it. It admitted that service upon it in that action had been made by serving Donald McGaffey as an officer, but said that McGaffey was not and never had been an officer of Berry. McGaffey is Berry's attorney in the instant case, and he represented it in the equity suit already referred to and other litigation. He even has filed an affidavit not as to any legal matters but in regard to the corporation receiving the first notice from the Michigan corporation and securities commission. After listening to the arguments, the judge did not rule on the effect of the circuit court commissioner's judgment, but dismissed the action on the ground that because of the provisions of CL 1948, § 450.87 (Stat Ann § 21.87), Berry's corporate powers had been suspended and it, therefore, had no standing in court. It is apparent that the judge felt that one ground for dismissal was effective and sufficient.

On November 28, 1951, Berry made a motion for a rehearing of the motion to dismiss, showing by exhibits and an affidavit by McGaffey that Berry had tendered its 1950 annual report for filing on March 12, 1951, but that the commission had held it unfiled pending the receipt of certain supplemental information; that a letter from the commission to Berry, dated April 13, 1951, informing it that its report was being held unfiled until the requested information was supplied was never received by Berry; that Berry had no notice of the commission's action until it was put on notice by a second letter from the commission, dated June 15, 1951; that the

filing of the requested supplemental information was not mandatory but discretionary with Berry; that continued efforts had been carried out by Berry, through McGaffey, to get the commission to accept its 1950 report in its original form; that in the interim it filed its 1951 annual report, but that the commission refused to accept the 1951 report until the 1950 report was accepted for filing; that it was only after the order of dismissal that Berry finally supplied the papers as ordered by the commission (though for reasons unconnected with this case), whereupon the reports and fees were accepted by the commission; that the trial court should have found an implied extension of time for filing the reports; and that in any event, even if there was no extension of time for filing that as a defunct corporation Berry had the right to institute and maintain suit for the protection and preservation of its property pursuant to the provisions of the statute, which allows a corporation, whose charter has become void, 3 years for winding up its affairs. Motion for rehearing was denied and Berry appeals. Its argument on appeal is the same as its argument for rehearing, except that it asks that if the dismissal is affirmed, it be without prejudice.

The judge below based his order of dismissal on CL 1948, § 450.87 (Stat Ann § 21.87), which provides:

"(1) If any corporation neglects or refuses to make and file the reports and/or pay any fees required by this act within the time herein specified, and shall continue in default for 10 days thereafter, unless the secretary of State shall for good cause shown extend the time for the filing of such report or the payment of such fee, as the case may be, as provided in section 91 of this act, and (2) if such corporation shall continue in default for 10 days after the expiration of such extension, its corporate powers shall be suspended thereafter, until it shall

file such report, and it shall not maintain any action or suit in any court of this State upon any contract entered into during the time of such default."

However, Berry's annual reports for both 1950 and 1951 were unaccepted for filing when the instant action was commenced, and its powers were, therefore, governed by CL 1948, § 450.91 (Stat Ann § 21.-91), which provides that if a corporation fails to file its reports or pay its fees for 2 consecutive years, then:

"The charter of such corporation shall be absolutely void, without any judicial proceedings whatsoever, and such corporation shall be wound up in any manner provided by this act unless the secretary of State shall for good cause shown extend the time for the filing of such report or the payment of such fee."

The rights and powers of a corporation while it is in the process of being wound up are defined by CL 1948, § 450.75 (Stat Ann § 21.75):

"All corporations whose charters shall have expired by limitation or dissolution or shall be annulled by forfeiture or in any other way or manner have become void shall nevertheless continue to be bodies corporate for the further term of 3 years from such expiration, dissolution or forfeiture for the purpose of prosecuting and defending suits for or against them and of enabling them gradually to settle and close their affairs and to dispose of and convey their property and to divide their assets; but not for the purpose of continuing the business for which the corporations were organized."

We have previously held that a leasehold and option to renew is a property right which a corporation that is in the process of being wound up can sue to protect. *Kay Furniture Co.* v. *Rovin,* 312 Mich 290. Consequently the judge was in error in holding that Berry had no standing in court. How-

ever, where the trial judge reaches the right result in deciding a case, we do not disturb the result attained even though a wrong reason was assigned. *McNair* v. *State Highway Department,* 305 Mich 181.

The instant action is based in large part upon Berry's purported exercise of its option to renew its lease. At the time it attempted to exercise its option its corporate powers were suspended, and the statute (CL 1948, § 450.87, quoted *supra*) provides that it shall not maintain any action or suit in any court in this State upon any contract entered into during the time of such default. Berry claims that inasmuch as the report and privilege fees were sent to the commission, and later on were finally accepted, though after this action was begun and the dismissal was ordered, we should imply an extension of time for filing. The defect in the original report was that it showed a decrease in capital stock not borne out by the records already on file with the commission. It was only after a certificate showing that the decrease came about by a "donation" to the corporation by shareholders and a return of the stock to its treasury that the reports became acceptable for filing. Berry was duly notified of its failure to file reports that accorded with the law, and of the effect of such failures, although it claims that it did not receive the first notice mailed to it. However, it did not comply with the subsequent notice from the commission, dated June 15, 1951, and later ones in which Berry was informed by the commissioner that the 1950 report had not been accepted for filing to date, and that the corporation "is not in good standing for the 1950 annual report has not been accepted." Berry relies in large part upon *L. J. Barry Coal Co.* v. *Houghten,* 282 Mich 547, wherein we said that there must be a liberal construction of the law and that an innocent mistake in the report, where there has been a good faith

attempt to comply with the law, will not result in suspension. While we have been very liberal in our construction of the statute, so as to give corporations the fullest opportunity to furnish information and records, and have been slow to apply the penalties of the law where the corporation makes an honest attempt to comply with the statute, this is not a case where Berry was denied the fullest opportunity to amplify and correct the reports. Further, Berry made no attempt whatsoever to file its 1950 report until long after it was due. *Cf, Newburgh Steel Co.* v. *Auto Steel Co.,* 288 Mich 156.

The further view that we take of the case is that the action should have been dismissed as to all of the allegations, except those relating to the alleged removal or destruction of Berry's property, for the reason that the judgment of the circuit court commissioner was *res judicata* as to the rights to possession of the premises. We have held that a collateral attack may not be made upon a judgment which is complete and regular on its face by attacking the jurisdiction of the court which rendered it by attacking the officer's return of process. The return by an officer of service of process is conclusive in any collateral proceeding upon the parties to the suit in which the process issued and of the issuance of which the parties had full knowledge. *Michels* v. *Stork,* 52 Mich 260; *Clabaugh* v. *Wayne Circuit Judge,* 228 Mich 207. It was admitted at the hearing on the motion that the officer's return showed that service was made on Berry by serving McGaffey as an officer of the corporation. Valid service on a corporation may be made by serving any officer, director, trustee or agent thereof. CL 1948, § 613.29 (Stat Ann § 27.759). Therefore the officer's return shows what purports to be valid service upon Berry. In absence of further facts, we do not decide whether if Berry had promptly made motion to quash service,

or had made some other direct attack on the judgment it would or would not have been entitled to have the service quashed or the judgment vacated. But a party which desires to contest a court's jurisdiction over itself cannot lie back and delay taking some action to that end, permit the court and other parties to rely on the record, and at an unseasonably later time make a collateral attack on the validity of the service, of which it had complete knowledge from the date of such service. It is obvious from a reading of the record that McGaffey was intimately associated and connected with Berry. He represented it in the earlier equity suit brought by McDonnell and he carried out all of its negotiations with the commission. Also, Berry must have known of the proceedings taken before the circuit court commissioner not later than August 23, 1951, since it alleges that it was forced to surrender possession of the premises. No attack on the judgment seems to have been made until the hearing on McDonnell's motion to dismiss in the instant case. The question of the effect of the circuit court commissioner's judgment was fully argued below, although not passed on by the judge, and it was again presented to this Court in McDonnell's brief and referred to in Berry's brief. Berry is not taken unawares. That the judgment of restitution is *res judicata* and became determinative of the parties' rights may by amendment be added as an additional ground for dismissal. It was so considered and argued in the trial court.

The order of dismissal is affirmed, except as to allegation in trespass on the case in which it is claimed that McDonnell destroyed or removed certain of Berry's property. The case is remanded for

trial on this one issue alone. No costs, as neither party has prevailed in full.

DETHMERS, C. J., and ADAMS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.