PENINSULAR CONSTRUCTION COMPANY *v.* MURRAY.

1. JUDGMENT—RES JUDICATA—PARTIES.

    A judgment by partnership of attorneys against president of plaintiff corporation for services rendered such president as an individual is not *res judicata* of issues in action by the corporation against a member of the partnership for labor and materials furnished in making repairs at his home, since the parties were not the same.

2. CONTRACTS—BREACH OF CONTRACT—ACTION AGAINST PLAINTIFF CORPORATION'S PRESIDENT.

    An action by partnership of attorneys against president of corporation, plaintiff herein, for services rendered him in the course of a 3–1/2-year period for work done for him individually and other corporations in which he was interested would not constitute the breach of an agreement between plaintiff corporation and defendant, a member of the partnership, that plaintiff do certain repair work at defendant's residence in return for legal services rendered plaintiff corporation as the circumstances are such as to differentiate between plaintiff corporation and its president.

———————

REFERENCES FOR POINTS IN HEADNOTES
[1] 30A Am Jur, Judgments §§ 397, 398.
[3] 3 Am Jur, Appeal and Error § 1008.

3. APPEAL AND ERROR—WRONG REASON FOR RIGHT RESULT.
   The result achieved by a trial court is not disturbed on appeal, where he achieves the right result but assigns the wrong reason therefor.

4. CONTRACTS—BREACH—EVIDENCE—QUESTION OF FACT.
   Plaintiff corporation, suing defendant attorney for work done in performing repairs at his residence, *held*, to have failed to present a disputed question of fact submissible to jury either as to defendant's breach of his alleged contract to perform legal services in return for such repair work or, if there was such a contract, that he was indebted to plaintiff for the work performed.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted January 4, 1962. (Docket No. 27, Calendar No. 49,352.) Decided March 16, 1962.

Assumpsit by Peninsular Construction Company, a Michigan corporation, against Walter J. Murray for repair services. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Davidow & Davidow,* for plaintiff.

*William Murray,* for defendant.

KELLY, J. Plaintiff instituted suit in assumpsit seeking $2,405.47 (plus interest) from defendant for work done in repairing defendant's residential sidewalks and garage.

Defendant filed answer, stating "that at the time said work was performed there was never a contract existing between plaintiff and defendant, that plaintiff corporation through its officers knew that plaintiff corporation never intended to charge defendant. for said work and knew that defendant never intended or agreed to pay for said work"; that said work was not performed in a proper or satisfactory manner, and that defendant did not breach any

agreement or contract and is not indebted to plaintiff for the work performed.

Plaintiff's reply to defendant's answer contains the following:

"There had been a verbal understanding that plaintiff, for and in consideration of legal services rendered by defendant to it, would perform certain work for defendant in payment of said services; that said defendant breached the agreement and insisted upon payment for legal services and obtained a judgment against Samuel J. Brown (president and majority stockholder of plaintiff corporation) for such legal services; that defendant having breached the agreement, plaintiff is entitled to recover for the work performed for said defendant."

Brown testified that as president and majority stockholder, he was the active directing head of plaintiff corporation, and that said corporation was engaged primarily in highway concrete work; that the kind of work required in repairing defendant's broken concrete and putting a new door on his garage, was not the kind of business plaintiff was engaged in; that defendant, as attorney, incorporated plaintiff company and did other legal work for him and other corporations in which he was interested; that the work was done with no thought that defendant would be called upon to pay for the work and that the memorandum or itemized statement in the amount of $1,467, which plaintiff sent to defendant in 1953, was sent, not with the thought of collection, but, merely for bookkeeping purposes; that plaintiff made the first request for payment 5 years after the work was completed (November, 1958) and this demand followed a suit filed against him (March, 1957) by defendant and his brother, which suit resulted in a judgment of $4,500; that "I sued him; the Peninsular Construction Company sued

him" because: "When they demanded the payment. When Mr. Murray sued me individually claiming that I had to pay—that he was working for me and not for the corporation and that he was going to sue me individually, then I felt that the corporation could sue him for the work they did, because if he is suing me as an individual, the corporation is different than me individually"; that he checked over the bill of particulars filed with plaintiff's declaration and the charges made thereon for materials and labor were fair and reasonable.

Defendant testified that he represented Brown for about 3-1/2 years, incorporated about 20 corporations for him during that time, and represented him in a number of lawsuits; that the sidewalks were repaired and certain brick work was done on the garage; that the work was done not upon his request, but upon the suggestion of Brown and the secretary of plaintiff corporation.

At the conclusion of plaintiff's case, which consisted only of the testimony of defendant and Brown, defendant moved for a directed verdict in favor of defendant for the following reasons:

1. Because the plaintiff failed to sustain the burden of proof in that it proved a mutual reciprocal contract between the plaintiff, Peninsular Construction Company, and defendant, each performing services for the other;

2. That there was no testimony in the record that defendant breached that agreement with the corporate plaintiff; that he never sued it; that he never asked it for any money; that he never received any money; that he performed substantial legal services for it;

3. That if the $4,500 judgment against Brown, obtained in Judge Rashid's court, did not include work done for the plaintiff, there could be no breach;

4. That if the $4,500 judgment does include work done for plaintiff, then the whole matter has already been adjudicated;

5. That there was no proof of damage from which the jury could consider or determine any damage in connection with the work and labor done; no testimony as to reasonable value of work done.

The court granted the defendant's motion and instructed the jury as follows:

"I have concluded that as a matter of law there is no issue of fact to be put to the jury in this case, and for your information, I base that on the prior case (Murray & Murray v. Brown) before Judge Rashid. The law, as I understand it, is that anything that was raised or could have been raised in a lawsuit between the parties binds the parties thereafter, and I have taken the view, as a matter of law, that the entire case was raised or could have been raised at that time, and therefore, as a matter of law, there is nothing to go to you.

"Therefore, I am going to direct you to return a verdict of no cause of action and the clerk will take your verdict."

In the former case (Murray & Murray v. Samuel J. Brown, Wayne circuit court #290-364), tried before Judge Rashid, the matters were in issue, as evidenced by the following in the pretrial statement:

"Defendant also says that he did work on plaintiff's home and other personal services for which no charge was made because of the arrangement between the parties."

Also, in defendant's opening statement that:

"Mr. Murray wanted repairs made on his house. Mr. Brown worked it out for 1 of the companies in which he was interested, the Peninsular Construction Company, and as a matter of form sent him a bill for this year's cost of labor and material without any.

overhead, without any profit, without the time of supervising personnel and he told Mr. Murray 'You don't have to pay this. I don't expect you to pay this bill.' Is that in keeping with the understanding that Mr. Murray has not denied that their association would be one hand washes the other, one would help the other?"

There is merit, however, to appellant's contention that the judgment against Brown in the case of Murray & Murray v. Brown is not *res judicata* of the issues in the case at bar, because: "In the case at bar the plaintiff corporation was not a party to the prior suit. Defendant in the case at bar was not an individual plaintiff in the prior suit; the partnership of Murray & Murray was the plaintiff."

In the case of Murray & Murray v. Brown, plaintiffs claimed $11,900 legal fees. This amount was reduced by the jury to $4,500 and the judgment therefor has not been paid. Walter Murray has never sued plaintiff company, and plaintiff company has never paid defendant for his work done for it.

The former suit by the partnership, Murray & Murray, against Brown did not constitute a breach of contract between plaintiff and the present defendant, and we agree with appellee that "To hold otherwise would require the jury be allowed to determine that Samuel J. Brown and the Peninsular Construction Company, a Michigan corporation, are one and the same."

In *Berry Door Corporation* v. *Tom McDonnell, Inc.,* 336 Mich 177, this Court said (pp 185, 186):

"However, where the trial judge reaches the right result in deciding a case, we do not disturb the result attained even though a wrong reason was assigned. *McNair* v. *State Highway Department,* 305 Mich 181."

Plaintiff failed to present a disputed question of fact that should have been submitted to the jury. The motion to dismiss should have been granted because the proofs failed to show any breach of contract by defendant and failed to show that defendant was indebted to plaintiff for the work performed.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred with KELLY, J.

ADAMS, J., concurred in result.