PRZBYLINSKI v STANDARD PRESSED STEEL COMPANY

OPINION OF THE COURT

1. APPEAL AND ERROR—RULING—RESULT—LEGAL STANDARD.
   The Court of Appeals will not reverse a court's ruling where a correct result was reached, even if the wrong legal standard was applied in reaching the result.

2. INSURANCE—DISABILITY—JURY—QUESTION OF FACT—SUBSTANTIAL EVIDENCE.
   The issue of disability is a question of fact for the jury in an action for benefits under a disability insurance policy, but the insured must introduce some evidence supporting the claim of disability to get to a jury.

CONCURRENCE BY M. J. KELLY, J.

3. INSURANCE—DISABILITY INSURANCE—SCOPE OF POLICY—DISABILITY TO WORK—PREVENTION FROM WORK.
   *A disability insurance policy for the benefit of an employee who can show,* inter alia, *that he has suffered a disability which precludes him from engaging in any and every gainful occupation for which he is reasonably fitted, does not extend coverage to an employee who is able to do the job for which he is best suited, but is prevented from doing that job because of a combination of circumstances, including his age, health and the existing economic climate.*

Appeal from Macomb, Alton H. Noe, J. Submitted March 5, 1975, at Grand Rapids. (Docket No. 18671.) Decided July 21, 1975.

Complaint by John Przbylinski against Standard Pressed Steel Company and Metropolitan Life In-

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 727, 785.
[2, 3] 44 Am Jur 2d, Insurance §§ 1490, 2061 *et seq.*

surance Company for benefits under a long-term disability insurance policy. Dismissed as to defendant Standard Pressed Steel Company. Judgment for defendant Metropolitan Life Insurance Company. Plaintiff appeals. Affirmed.

*Stewart, Lascoe, Donovan & Rancilio, P. C.,* for plaintiff.

*Dickinson, Wright, McKean & Cudlip* (by *Lawrence G. Campbell* and *Judith C. Lalka),* for defendant Metropolitan Life Insurance Company.

Before: D. E. HOLBROOK, P. J., and BRONSON and M. J. KELLY, JJ.

BRONSON, J. Plaintiff-appellant, John Przbylinski, maintains that he is entitled to benefits under a long-term disability insurance policy issued by defendant-appellee Metropolitan Life Insurance Company for the benefit of certain employees of defendant-appellee Standard Pressed Steel. Przbylinski alleges that he was disabled while working for Standard and qualifies for disability benefits under the terms and conditions of the insurance policy.[1]

In order to sustain this claim, Przbylinski was required to introduce evidence tending to show that, *inter alia,* 1) he suffered a disability which

[1] That policy provides, in pertinent part:

"Upon receipt by the insurance company of notice and due proof, as required herein, that any employee has become, while insured hereunder, wholly and continuously disabled as a result of bodily injury or disease so as to be prevented from engaging in any and every gainful occupation for which he is reasonably fitted by education, training, or experience, that such disability has existed for a continuous period of at least 180 days, and that the employee is under the care of a physician licensed to practice medicine, the insurance company shall pay * * * ."

prevented him "from engaging in any and every gainful occupation for which he is reasonably fitted" and 2) he was being treated by a physician for the disability.

The trial judge, in granting Metropolitan's motion for a directed verdict,[2] determined that Przbylinski had not presented sufficient evidence to permit jury consideration of either element of his claim. Judgment for Metropolitan was entered accordingly and Przbylinski appeals.

Przbylinski's claim that as a result of his alleged disability he can no longer engage in any gainful occupation for which he is reasonably fitted is totally unsupported in the record before us. Indeed, evidence introduced in Przbylinski's behalf completely contradicts this assertion. A supervisor in Standard's Slotting Department for over 20 years, Przbylinski himself stressed with considerable satisfaction that he could still discharge the duties required of a supervisor. His medical expert, Dr. Lapp, testified that Przbylinski was able to do such work. Further, it is undisputed that Przbylinski was employed in a supervisory capacity with another firm for some 4-1/2 months during 1973—a period subsequent to the date of his alleged disablement. That job ended when the company he worked for dissolved after suffering serious financial difficulties. It is clear, then, that Przbylinski is not "prevented from engaging in" gainful employment in the sense of being physically unable to perform the work for which he is trained.[3]

---

[2] Przbylinski argues that the trial judge applied the wrong legal standard in granting Metropolitan's motion for directed verdict. Even if this is true, we will not reverse if a correct result was reached. *Peninsular Construction Co v Murray,* 365 Mich 694, 699; 114 NW2d 202 (1962); *Berry Door Corp v Tom McDonnell, Inc,* 336 Mich 177, 185–186; 57 NW2d 487 (1953).

Nor can we accept his contention that he is unable to obtain employment as a supervisor as a result of his alleged disability. He claims that he is "prevented from engaging in" gainful employment because employers will not hire him due to his disability. Assuming *arguendo* that the insurance contract provides coverage in such a case, it is apparent that Przbylinski has failed to support this assertion with evidence. He testified that he had been unable to obtain employment, but never indicated in any way the reason that potential employers found him undesirable. Nothing in the record would prevent the conclusion that other factors, such as his age (55 at the time of trial), his acknowledged diabetic condition, the state of the economy, or the hiring practices of the particular employers rejecting him, were responsible for his lack of success in finding a suitable job. Przbylinski made no attempt to isolate his alleged disability as the cause of his unemployability.[4] His claim

---

[3] We have carefully examined the cases cited by Przbylinski. They stand for the proposition that the issue of disability is a question of fact for the jury. However, in every one of those cases there was substantial evidence supporting plaintiff's claim of disability. We do not here have "conflicting and confusing testimony" as in *Besh v Mutual Benefit Health & Accident Association,* 304 Mich 343; 8 NW2d 91 (1943), or a plaintiff who carries on his work to "some extent" as in *Wheeler v Equitable Life Assurance Society,* 294 Mich 520; 293 NW 735 (1940). The testimony here is consistent and compelling: Przbylinski clearly could perform supervisory work in just the same way that he had performed it for the preceding two decades. There was no question of fact for the jury to decide.

[4] It is for this reason that the hypothetical question addressed to Dr. Lapp was objected to by defendant and rejected by the trial court. The question was exceedingly general: "Does his background, his medical history, suggest anything to you in examining on behalf of an employer that he would not be a good candidate for employment?" Because there were numerous possible explanations for his inability to obtain work consistent with a finding that he was *not* disabled within the meaning of the insurance policy, the hypothetical question did not focus sufficiently on the one relevant issue—disability—and was properly excluded.

that the disability was responsible is but a bare assertion, unsupported on the record. A belief that the disability caused employers to reject his job applications cannot by itself withstand a motion for a directed verdict. Furthermore, that belief is itself questionable in light of Przbylinski's admitted success in finding acceptable work during 1973.

Moreover, Przbylinski does not contest on appeal the fact that he completely failed to present any evidence which would indicate that he was under the treatment of a physician within the meaning of that phrase in the insurance contract.[5] Accordingly, on this basis alone the entry of a directed verdict was proper.

However meritorious Przbylinski's complaint might be, the plain fact is that he did not offer sufficient evidence to support the allegations contained therein. A plaintiff must do more than demand judgment to get to a jury. To deny a directed verdict in this case would be to allow the jury to engage in pure speculation. Metropolitan only insured Przbylinski to the extent of providing long-term disability benefits under specified contractual conditions. It did not guarantee Przbylinski job security.

Affirmed. Costs to appellees.

D. E. HOLBROOK, J., concurred.

M. J. KELLY, J. *(concurring in result).* I concur in the result reached by the majority because the record clearly shows that the plaintiff resolutely affirmed his ability to return to his supervisory employment. When asked if he could handle that job *now* he answered graphically: "[b]eautifully".

---

[5] Przbylinski testified only that he was under the care of Dr. Lapp for his diabetic condition.

Plaintiff was the victim of a not-too-unusual industrial employment squeeze. He was replaced by a man 17 years younger and offered reemployment at a much lower wage. He had other health problems besides his hernia-related difficulties.

If I assumed, *arguendo,* that the insurance contract provided coverage if plaintiff were "prevented from engaging in" gainful employment, I would vote to reverse to leave to the jury the question of whether such coverage applied. I believe the clear language of the contract precludes such an assumption. I further find ample evidence to support a conclusion by a jury or other factfinder that plaintiff is as a practical matter unemployable within his skills because of a combination of circumstances, including his age, his health problems, his previous surgeries and the economic climate. He is not disabled from doing the job for which he was best suited. He is prevented. Unfortunately however, the insurance coverage does not extend to such prevention.