## FOLEY CUSTOM HOMES, INC., Plaintiff–Appellant,

v.

## Gary L. FLATER and Karen L. Flater, Defendants–Appellees.

### No. 93CA1895.

Colorado Court of Appeals, Div. V.

Dec. 15, 1994.

Reece & Baker, Susan F. Baker, Joe T. Reece, Beem & Mann, Clifford Beem, Denver, for plaintiff-appellant.

Pendleton & Sabian, P.C., Susan M. Hargleroad, Robbin A. Lego, Denver, for defendants-appellees.

Opinion by Judge RULAND.

Plaintiff, Foley Custom Homes, Inc., (FCH) appeals from a summary judgment dismissing its complaint against defendants, Gary L. and Karen L. Flater, based upon the doctrine of *res judicata*. We reverse and remand for further proceedings.

FCH is a closely held corporation, with Daniel E. Foley and his wife each owning 50% of the company's stock. FCH entered

into a joint venture with Gary Flater, Norman Fisher, and David S. Mowatt, and, for reasons which do not appear of record, loans were made to FCH by Flater, Fisher, and Mowatt. Later, these loans were consolidated in connection with an additional loan. As a result, one promissory note for $46,000 was signed by Daniel E. Foley, individually, and payable to Gary Flater, Fisher, and Mowatt.

After making a series of payments that reduced the balance on the note to $16,700, Foley discontinued further payments. An agreement was then reached with the Flaters to satisfy the remaining balance due on the note by performing work and purchasing materials to remodel a residence purchased by the Flaters. However, for reasons that are disputed, the remodeling project was terminated before completion.

Gary Flater, Fisher, and Mowatt subsequently filed suit against Foley to recover the balance due on the note. The complaint alleges execution of the note, the amount of the payments, and Foley's default. There is no reference to the remodeling agreement and the alleged failure to perform that agreement as a further basis for default on the note. Foley did not file a response to the complaint, and default judgment was entered against him.

Foley filed a motion to set aside the default judgment pursuant to C.R.C.P. 60(b) alleging excusable neglect. As a meritorious defense, Foley alleged that funds and credits were due from Gary Flater pursuant to the remodeling agreement. The motion was denied for unspecified reasons.

FCH later filed this suit against the Flaters to recover payment for the remodeling work. The Flaters filed a motion for summary judgment which the trial court granted. The court concluded that, because of the doctrine of *res judicata*, the judgment in the promissory note litigation precluded FCH from asserting its claim.

On appeal, FCH contends that *res judicata* does not apply in this case because the claim for remodeling work was only a permissive counterclaim in the promissory note litigation. FCH further contends that the requisite identity of parties is lacking for application of the doctrine. We agree with the second contention and thus do not address the first.

Under the doctrine of *res judicata*, a final judgment on the merits is considered conclusive in any subsequent litigation involving either the same parties or those in privity with them, the same subject matter, and the same claims for relief. *Denver v. Block 173 Associates*, 814 P.2d 824 (Colo.1991). The preclusive effect of the doctrine applies not only to the claims and issues that were actually decided, but also to any claims or issues that could have been raised in the first proceeding. *Manka v. Martin*, 200 Colo. 260, 614 P.2d 875 (Colo.1980), *cert. denied*, 450 U.S. 913, 101 S.Ct. 1354, 67 L.Ed.2d 338 (1981).

In the previous action against Foley, the plaintiffs Flater, Fisher, and Mowatt were co-holders of a promissory note which could *only* be discharged or modified as to the form of payment by all three. Section 4-3-116, C.R.S. (1992 Repl.Vol. 2). The record in that case fails to reflect any agreement by the plaintiffs that the remodeling of the Flaters' residence would constitute satisfaction of the note obligation. *See also* Restatement (Second) of Judgments § 53 (1982).

The plaintiff in this case is FCH and not Foley. The complaint and the Flaters' counterclaim both refer to the remodeling agreement as one made between FCH and the Flaters. The affidavits submitted in connection with the motion for summary judgment are less clear because Foley refers to an agreement between FCH and the Flaters, but Gary Flater refers to an agreement with both Foley and FCH. However, there is no claim asserted by or against Foley. Hence, the party plaintiff seeking to enforce the agreement in this case is not identical to the party relying upon the agreement in the first case. Furthermore, contrary to defendants' contention, we conclude that Foley and FCH are not in privity for purposes of *res judicata*.

Our supreme court recognized in *Falkenberg v. Sternberg*, 154 Colo. 134, 388 P.2d 771 (Colo.1964), that a closely held corporation may have a separate status from its officers

for purposes of the doctrine. Thus, in that case, the president of the corporation who owned 98% of the corporate stock was not precluded from asserting a claim in his individual capacity against an architect even though a similar claim by the corporation had been dismissed for unspecified reasons in a prior proceeding. *See also Peninsular Construction Co. v. Murray,* 365 Mich. 694, 114 N.W.2d 202 (1962) (corporation could assert damage claim for work done on defendant's residence even though president of corporation had alluded to the claim in a prior action by defendant against the president in his individual capacity). This principle is dispositive on the privity issue here.

Contrary to defendants' contention, we do not read *Kreager v. General Electric Co.,* 497 F.2d 468 (2d Cir.), *cert. denied,* 419 U.S. 861, 95 S.Ct. 111, 42 L.Ed.2d 95 (1974) as supporting their privity argument. The *Kreager* court held that a shareholder could not assert an antitrust claim previously resolved against the corporation in prior litigation. The basis for the court's holding was that the shareholder lacked standing to assert the corporate claim. Here, the corporation is asserting its own claim, and, as noted, there is nothing in the record to suggest that the corporation's claim was adjudicated on the merits in the first case. *See Bunnett v. Smallwood,* 768 P.2d 736 (Colo.App.1988), *rev'd on other grounds,* 793 P.2d 157 (Colo. 1990).

Finally, we view the public policy considerations that generated the doctrine of *res judicata* and collateral estoppel as supporting our analysis of the privity issue in this case. *See Western Group Nurseries, Inc. v. Pomeranz,* 867 P.2d 12 (Colo.App.1993).

The function of the doctrines is to avoid relitigation of the same claims or issues because of the cost imposed upon the parties by multiple lawsuits, the burden upon the judicial system, and the need for finality in the judicial process. *Denver v. Block 173 Associates, supra.* However, the requirement that the same parties or their privies must have appeared in the first proceeding is intended to avoid penalizing one who did not appear. Thus, as noted in the Restatement (Second) of Judgments § 59(3)(b) (1982):

The judgment in an action by or against the holder of ownership in the corporation is conclusive upon the corporation except when relitigation of the issue is justified in order to protect the interest of another owner ... of the corporation.

Here, it is undisputed that Foley's wife owns 50% of the stock of FCH.

The judgment is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

BRIGGS and TAUBMAN, JJ., concur.