No. 13,099.

ESTATE OF PALMER.
CRADDOCK *v.* PALMER, ADMINISTRATRIX.
(11 P. [2d] 807)

Decided May 16, 1932.

Messrs. PHELPS & GOBIN, for plaintiff in error.

Mr. SAMUEL H. KINSLEY, Mr. LEON H. SNYDER, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as Craddock; the deceased, who was his wife, as Mrs. Craddock, and defendant in error, mother of Mrs. Craddock, as Mrs. Palmer.

Craddock and Mrs. Palmer each claimed to be sole heir of Mrs. Craddock. The county court, by its "Decree of Final Settlement and Determination of Heirship," found in favor of Mrs. Palmer. To review that judgment Craddock prosecutes this writ.

The Craddocks had no children; hence, if the judgment of the county court is wrong Craddock is the sole heir.

The Craddocks were married November 12, 1926. On January 11, 1927, Mrs. Craddock filed suit for divorce in the district court of El Paso county, alleging extreme and repeated acts of mental and physical cruelty committed in that county. Craddock was personally served therein, but made no appearance. February 21, 1927, a hearing was had and findings of fact and conclusions of law sustaining the allegations of the complaint were filed. No application was made to vacate or modify these, and they stand unaltered. May 23, 1927, Mrs. Craddock died. At the time of her death she was possessed of several thousand dollars' worth of real and personal property, no part of which came through her husband. Letters of administration were issued to Mrs. Palmer. August 25, 1930, the district court entered a final decree in the divorce proceedings wherein it was adjudicated:

"This cause of action survived and still survives for the purpose of determining the property rights of the parties hereto respectively, * * *. It is therefore ordered, adjudged and decreed that the defendant [Craddock] of right ought not to have and has not any right, title or interest in or to any of the real or personal estate owned by the plaintiff [Mrs. Craddock] at the time of the entry of the findings of fact and conclusions of law herein, or to which she was then entitled, and that the defendant, Charles N. Craddock, has no right, title or interest therein or any part thereof;"

A writ of error was sued out of this court to review that judgment (No. 12,720). On consideration of the cause here (one of the Justices not sitting) the court was evenly divided, hence the judgment was affirmed, by operation of law, February 15, 1932, and it was so ordered. *Craddock v. Craddock*, 90 Colo. 284, 8 P. (2d) 1112. On March 8, 1932, that cause was remanded to the district court by our remittitur wherein it was recited that: "It is therefore ordered and adjudged that the judgment of said district court be, and the same is hereby affirmed, and that it stand in full force and effect;" January 19, 1929, Craddock filed his "Affidavit of Heirship" in the instant case, and on the 28th of the same month he filed his "Petition for Determination of Heirship." Mrs. Palmer had filed a like affidavit and petition in the same action January 5, 1932. These were heard March 14, 1932, and taken under advisement, and on April 4, following, the court entered its final decree wherein it recited the fact of the institution of the divorce case in the district court, the disposition thereof, and our affirmance of that judgment, and further declared "That the said Martha A. Palmer is the sole and only heir at law of said deceased, and upon the entry of the said decree of the district court of El Paso County, Colorado, in said action * * * became seized and possessed of all the right, title and interest which the said deceased enjoyed during her **lifetime in and to any and all lands, tenements, hereditaments or other property of which the said deceased died seized and possessed, and that the said Charles N. Craddock has no right, title or interest therein, or any part thereof."

██ ██ The foregoing facts all appear in the record before us and are unquestioned. So far as plaintiff in error is concerned this is simply an attempt to relitigate, in another proceeding in another court, his claim of heirship adversely decided by the district court of El Paso county and affirmed here. If that judgment was not binding on the county court it is a mere nullity. It is of

the same force, however, as if entered with the approval of all the justices. §439, Civil Code, p. 183, C. L. 1921. The same question cannot be relitigated between the same parties merely by bringing a different action. *Gordon v. Johnson,* 3 Colo. App. 139, 32 Pac. 347.

The question adjudicated by the district court in the divorce case was the heirship of Craddock. That court held him no heir. We affirmed that judgment. Our mandate so recited and directed the district court to take such further proceedings "as shall be necessary to the final execution of the judgment." Craddock cannot go behind that mandate. *Bogart v. Amanda Cons. G. M. Co.,* 32 Colo. 32, 74 Pac. 882.

■ "When a right or fact has been judicially tried and determined by a court of competent jurisdiction, * * * the judgment of the court, so long as it remains unreversed, should be conclusive upon the parties, and those in privity with them in law or estate." 15 R. C. L., p. 953, §430.

■ "When a judgment establishes the law of the case, * * * it becomes a rule of property as to the subject matter of the suit, and passes with it to all persons subsequently claiming under such parties, * * *." Id. p. 960, §435.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE ALTER not participating.