## No. C-191

**Alfred P. Atchison and Ida Mae Atchison v. The City of Englewood, a municipal corporation, and the Martin Marietta Corporation, a Maryland corporation**

(506 P.2d 140)

Decided February 5, 1973.

408

Ralph A. Cole, William O. Perry, Thomas C. Singer, for petitioners.

Dawson, Nagel, Sherman & Howard, Michael E. Reidy, Raymond J. Turner, for respondent Martin Marietta Corporation.

Bernard V. Berardini, for respondent The City of Englewood.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

In 1949 the petitioners (Atchisons) sold certain property

to the respondent City of Englewood (City). The documents involved in the sale gave the Atchisons a preemptive right to repurchase the property. In 1956 the City leased the property to the respondent Martin Marietta Corporation (Martin) and granted Martin an irrevocable option to purchase the property during the life of the lease. This lease was recorded in 1966 and the option was exercised by Martin.

The plaintiffs then instituted an action for declaratory judgment (first action), seeking interpretation of the 1949 documents granting the preemptive right to repurchase. The prayer of the complaint continued as follows:

"[F]urther declaring that the defendant City has no right to attempt to dispose of said premises without first complying with provisions of its agreement to give the plaintiffs 60 days notice in writing within which plaintiffs can exercise the same option and further declaring the rights, if any, of the defendant Corporation to be subordinate to the rights of the plaintiffs . . . and for such other, further and different relief as to the Court may seem meet and proper."

The City and Martin moved for summary judgment and the motions were granted on the ground that the preemptive right was void as a violation of the rule against perpetuities. The Atchisons moved for a new trial, asserting that they were entitled to other remedies including rescission, reformation, damages or specific performance. This motion was denied and the property was transferred to Martin.

On appeal, in *Atchison v. Englewood,* 170 Colo. 295, 463 P.2d 297 (1969), this court affirmed the trial court ruling that the preemptive right to repurchase was void as a violation of the rule against perpetuities. In regard to the Atchisons' claim that they were entitled to other forms of relief, we stated:

"Plaintiffs argue that, even if the preemptive right is violative of the rule against perpetuities, they are entitled to relief in the form of rescission. The first mention of rescission in the case was in the eleventh ground contained in the motion for new trial. This was to the effect that the court should not have granted summary judgment under the rule against

perpetuities when the record disclosed facts warranting relief for specific performance, rescission, reformation, fraud, damage, unjust enrichment and failure of consideration. This was an action for a declaratory judgment as to the validity of the plaintiffs' preemptive rights. It was presented to the trial court on that basis and neither this statement in the motion for new trial nor fleeting mention of it in the original brief filed here changed the nature of the case. For all practical purposes, this new theory in form of relief was first argued nearly a year after the case was at issue here. Until then the plaintiffs sought solely to have a determination that their preemptive right was enforceable. Considering all the circumstances, we think the presentation of this request for rescission came too late, and we now sustain the defendants' objection to that effect."

On petition for rehearing, this court was evenly divided and, therefore, the petition was denied. A dissent was issued in which the view was expressed that the matter should be returned to the trial court for further proceedings on issues other than those relating to the application of the rule against perpetuities.

Following the denial of the petition for rehearing, the Atchisons filed the present action against the City and Martin seeking: (1) reformation of the 1949 agreement to create a valid preemptive right and for specific performance thereof; (2) rescission of their 1949 conveyance to the City; (3) damages against the City for failure to grant a valid preemptive right; (4) damages against Martin for impairment of the contract between the Atchisons and the City; and (5) damages against the City and Martin for conspiracy to defeat the Atchisons' right to repurchase.

The City and Martin moved for summary judgment on the ground that the first action was *res judicata* as to this action. The motion was granted by the trial court and, relying on our decision in *Lane v. Page,* 126 Colo. 560, 251 P.2d 1078 (1952), the Court of Appeals affirmed. *Atchison v. Englewood,* 30 Colo. App. 207, 492 P.2d 885 (1972).

C.R.C.P. 57(a) and C.R.S. 1963, 77-11-1 authorize

the granting of declaratory relief. This relief is in the nature of a declaration of rights, status and other legal relations; it may be either affirmative or negative in effect; and it may be granted whether or not further relief is or could be claimed. Subsequent to a declaratory judgment, further relief may be granted where necessary or proper "by petition to a court having jurisdiction." C.R.C.P. 57(h) and C.R.S. 1963, 77-11-8. This relief does not appear to be limited by the language of the statute or the rule to the prevailing party in the declaratory judgment action.

In *Lane v. Page, supra,* the plaintiffs brought an action seeking a declaratory judgment that they had a right to use a roadway and, if the use was allowed, an injunction preventing the defendant from interfering with such use. The trial court ruled against plaintiffs, but this court reversed on appeal and directed that the injunction issue. Plaintiffs subsequently brought an action for damages allegedly caused by the defendant prior to the first suit. Judgment was given for plaintiffs and, on appeal, this court held that the first declaratory judgment action was a bar to the subsequent suit for damages, stating:

"Had it been plaintiffs' intention to seek relief in damages, such relief could have been obtained in the former action as readily as in the latter, and by means of one suit instead of two. Since the court has always had authority to determine rights, status and other legal relations, incidental to a coercive judgment where such judgment is sought, the only new remedy or purpose afforded by the declaratory judgment statute is that of declaration of right, status or other legal relation in the absence of right or desire for coercive relief. *Brindley v. Meara,* 209 Ind. 144, 198 N.E. 301, 101 A.L.R. 682. The absence of request for further relief in the statement of claim and prayer, where right thereto has then accrued, is on its face a waiver of claim to such further and available relief. In *Aetna Casualty & Surety Co. v. Quarles,* 92 F. (2d) 321, referring to the discretion of the court in granting the remedy of declaratory judgment, the court said: 'It should not be accorded, however, to try a controversy by

piecemeal, or to try particular issues without settling the entire controversy * * *.' We think it may be said with equal reason that a declaratory judgment should not be sought in order 'to try a controversy by piecemeal, or to try particular issues without settling the controversy.' Plaintiff should not be permitted by this device to split his cause of action and seek one part of his desired relief in one suit and another part by separate action. Where, as here, the damages were antecedent and might with propriety have been determined in the same proceeding in which declaratory judgment alone was sought, we think such judgment should operate as a bar to any subsequent claim therefor. This is in accord with the general rule. *Pomponio v. Larsen*, 80 Colo. 318, 251 Pac. 534.

"Rule 57(h), R.C.P. Colo., provides for further relief based on a declaratory judgment, but we think unless such relief is asked in the same action wherein the declaratory judgment is sought, and in connection therewith, it can be obtained only as to damages accruing subsequent to the date of the declaratory judgment. Whether such damages must be sought in the manner provided by said Rule 57(h) or may be obtained by new and independent suit, we need not here determine."

The Court of Appeals followed the language of *Lane v. Page, supra,* in affirming the trial court's dismissal of the Atchisons' suit. On this appeal, the Atchisons urge that we either overrule or distinguish our decision in *Lane*.

There is a distinction between *Lane* and the instant situation. There the plaintiffs were granted the relief sought and brought a second action for other relief. Here the plaintiffs did not prevail and then attempted to seek other remedies. This may or may not be a distinction without a difference. In any event, we confine ourselves here to the holding that as to declaratory judgment actions, insofar as *Lane* supports the Court of Appeals' opinion, it is overruled.

Plaintiff, through his counsel, can be convinced that a contract is valid and, in a declaratory judgment action, seek a declaration of validity. It seems to us a bit incongruous to

require that, when he takes this action, he must also plead all sorts of other remedies in order to protect himself in the event that he loses as to the validity of the contract. We do not believe that such a requirement is within the spirit of our rules or the statute.

To follow *Lane* in this case would be particularly unfair. In the first action *Lane* was not cited and certainly we did not have it in mind when we held that these other remedies had been mentioned too late for consideration by us on that writ of error. We were silently assuming that the Atchisons could go to the trial court for other relief. Otherwise, we would have followed the dissent on rehearing. Considering our ruling in the first action, if we applied *Lane* here, we would truly deprive petitioners of their day in court.

■ C.R.C.P. 57(k) and C.R.S. 1963, 77-11-12 state the purposes of the declaratory judgment rule and statutes to be remedial and to settle and afford relief from uncertainty and insecurity. They further state that the provisions providing for declaratory judgments should be liberally construed and administered. *State Board v. Dixon,* 165 Colo. 488, 440 P.2d 287 (1968). Such purposes and construction suggest strongly the result we here reach.

■ We reaffirm the rule that a declaratory judgment is conclusive as to the questions raised by the parties and passed upon by the court. *See San Luis Co. v. Trujillo,* 93 Colo. 385, 26 P.2d 537 (1933). A declaratory judgment, however, does not constitute an absolute bar to subsequent proceedings where the parties are seeking other remedies, even though based upon claims which could have been asserted in the original action. *Schleicher v. Schleicher,* 120 Conn. 528, 182 A. 162 (1935); *In re Ditz' Estate,* 255 Iowa 1272, 125 N.W.2d 814 (1964); and 2 *W. Anderson, Actions for Declaratory Judgments* § 461, at 1103 (1951). *See Powell v. McCormack,* 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969); *Edward B. Marks Music Corp. v. Charles K. Harris Music Pub. Co.,* 255 F.2d 518 (2nd Cir. 1958), *cert. denied,* 358 U.S. 831, 79 S.Ct. 51, 3 L.Ed.2d 69 (1958); *Lortz v. Connell,* 273 Cal. App. 2d 286, 78 Cal. Rptr. 6 (1969);

*Thomas v. Cilbe, Inc.,* 104 So. 2d 397 (Fla. 1958); *Cooke v. Gaidry,* 309 Ky. 727, 218 S.W.2d 960 (1949); and *Winborne v. Doyle,* 190 Va. 867, 59 S.E.2d 90 (1950).

■ We hold that it was error for the trial court to grant summary judgment in favor of the City and Martin on the ground that the relief sought in the suit was barred under the doctrine of *res judicata.* We have not addressed ourselves to the question of whether valid statements of claim have been asserted in the second action. This remains for future determination, if raised, by the trial court.

■ The City and Martin have urged that the plaintiff should have sought to amend the complaint to include the statements of claim contained in the second action. We interpret this to be an argument that under the rules and statute any other relief must be sought in the original action and not by a separate action. We reject the thought as being hypertechnical. We fail to see a justifiable distinction here between the reopening of the original case and the filing of a new one.

The judgment is reversed and the cause remanded to the Court of Appeals for further remand to the trial court with directions to overrule the summary judgment and to proceed.

MR. JUSTICE LEE does not participate.