535 P.2d 237 (1975)
Clara C. BRIAN and W. H. Brian, Plaintiffs-Appellants,
v.
VALLEY VIEW CATTLE RANCH, INC., a Colorado Corporation, Defendant-Appellee,
Rosanna L. Schriner et al., Defendants.
VALLEY VIEW CATTLE RANCH, INC., Third-Party Plaintiff,
v.
Dorothy Jeanne TRACY, Third-Party Defendant.
No. 74-378.
Colorado Court of Appeals, Div. III.
March 18, 1975.
Rehearing Denied April 8, 1975.
Certiorari Denied June 2, 1975.
*239 Geddes, Sparks & MacDougall, P. C., Brian N. Geddes, Colorado Springs, for plaintiffs-appellants.
Eugene O. Bird, Colorado Springs, for defendant-appellee.
Selected for Official Publication.
RULAND, Judge.
Plaintiffs appeal from a judgment quieting title to certain mineral interests located in Elbert County, Colorado, in defendant Valley View Cattle Ranch, Inc., (Valley View). We reverse and remand.
Claiming to be successors in interest to one Pat K. Brian, plaintiffs commenced this action to quiet title to an undivided one-quarter interest in all oil, gas, and other minerals located within the following described property located in Elbert County, Colorado.
"In Township 8 South, Range 62 West, 6th P.M.,
Section 28W½ W½
Section 29SE¼ and E½ NE¼
32E½
Section 33W½ and SE¼
All of the above-described property is hereinafter referred to as tract A, except for the southeast quarter of section 33, which is referred to as tract B.
Other defendants besides Valley View were joined in this proceeding, and Valley View asserted a third-party complaint against Dorothy Jeanne Tracy. All issues between the various parties have been resolved except as between plaintiffs and Valley View.
The record reflects the following sequence of events. F. E. Wrockloff and Laurence E. Wrockloff were the fee simple owners of tracts A and B. On October 16, 1947, F. E. Wrockloff, acting for himself and purporting to act as attorney in fact for Laurence E. Wrockloff, entered into a purchase contract with Pat K. Brian covering tracts A and B. In that contract, the Wrockloffs reserved one-half of the oil, gas, and other minerals. The contract was duly recorded.
On May 6, 1952, Pat K. Brian entered into a contract with T. J. Sullivan covering tracts A and B. In this contract, Brian reserved an undivided three-quarters of all the oil, gas, and other minerals, specifying that an undivided one-fourth was being reserved to Brian, and an undivided one-half was reserved for the benefit of the Wrockloffs. The contract called for certain payments to Brian, and then Sullivan assumed the balance owing the Wrockloffs. This contract was also recorded.
F. E. Wrockloff died on October 2, 1954, devising his property to Vera Carroll Wrockloff. Thereafter the executrix for his estate initiated a quiet title action covering various properties. Laurence E. Wrockloff, Pat K. Brian, and T. J. Sullivan were named as three of the defendants. The complaint alleged ownership of tracts A and B, subject to the contract with Brian and the subsequent contract between Brian and Sullivan, and the complaint specifically alleged that one-half of the minerals had been reserved to the Wrockloffs and one-fourth to Brian pursuant to the contracts. All parties appearing in the action entered into a stipulation which was incorporated by reference in the court's decree. Those documents establish, inter alia, that the Wrockloffs were owners in *240 fee simple of tracts A and B subject to the prior contract between Brian and Sullivan, and that F. E. Wrockloff did in fact sign the contract with Brian for himself and as attorney in fact for Laurence E. Wrockloff. The balance due under the "Brian-Sullivan" contract was confirmed to be $19,000. Title was quieted in the Wrockloff Estate and Laurence E. Wrockloff as tenants in common, subject to the Brian-Sullivan contract. The essential elements of the stipulation were agreed to in 1957.
On July 19, 1960, Sullivan entered into a contract of sale with Valley View covering the "Timothy J. Sullivan Ranch." Therein Sullivan agreed to convey all mineral rights "belonging to him." Then on August 29, 1960, Sullivan received a deed from Laurence E. and Vera Carroll Wrockloff covering tracts A and B, and on the same date conveyed tract A to Valley View. The deed from the Wrockloffs reserved an undivided one-half of the minerals. The deed from Sullivan to Valley View provides that the conveyance is subject to "all prior reservations of minerals coal, oil, gas and other like substances." On September 10, 1960, Sullivan conveyed tract B to A. S. Horner et al., excepting "an undivided ¾ of all minerals, oil, gas and hydrocarbons . . . reserved to prior grantors, to wit: Laurence E. Wrockloff, Vera Carroll Wrockloff and Pat K. Brian."
On March 6, 1967, an affidavit was recorded which recites that Pat K. Brian died on January 9, 1967, and that his sole surviving heir was his widow, Ella Lee Brian. Plaintiffs claim title to one-quarter interest in the minerals under tracts A and B pursuant to conveyances from the widow.
Following a trial to the court, the court entered written findings and conclusions denying plaintiffs' claim on the basis, inter alia, that: (1) The evidence was insufficient to show that "plaintiffs are heirs of Pat K. Brian"; (2) Pat K. Brian at no time acquired any title, either legal or equitable, from Laurence E. Wrockloff; and, (3) the action of plaintiffs was barred by the statute of limitations contained in C.R.S.1963, 118-7-16. Accordingly, the court entered a decree quieting title to the disputed one-quarter mineral interest in Valley View for both tracts A and B.
It was conceded in oral argument before this court that the trial court inadvertently included tract B in its decree quieting title in Valley View and that the judgment must be reformed to quiet title in plaintiffs to the reserved mineral interest in this tract.

I. Acquisition of Equitable Title
Plaintiffs contend that the trial court erred in concluding that Pat K. Brian at no time acquired any equitable title from Laurence E. Wrockloff in connection with the 1947 contract. We agree.
In the quiet title action filed by the executrix for the F. E. Wrockloff Estate relative to tracts A and B both Pat K. Brian and Laurence E. Wrockloff were named as defendants. In that proceeding, it was stipulated that F. E. Wrockloff, as attorney in fact for Laurence E. Wrockloff, executed the 1947 contract with Brian, and the subsequent decree in that action quieted title in the Wrockloffs subject to the terms of the Brian-Sullivan contract. Hence, the doctrine of res judicata applies, see Craddock v. Palmer, 91 Colo. 79, 11 P. 2d 807, and the decree constitutes a binding determination upon Valley View as successor to Laurence E. Wrockloff. See Murphy v. Northern Colorado Grain Co., Inc., 30 Colo.App. 21, 488 P.2d 103. Therefore, upon payment in full of the purchase price by Sullivan to Laurence E. Wrockloff and F. E. Wrockloff pursuant to the 1947 contract, Pat K. Brian acquired the equitable fee title to the one-quarter mineral interest reserved in his contract with Sullivan. See Western Motor Rebuilders, Inc. v. Carlson, 138 Colo. 404, 335 P.2d 272.

II. Statute of Limitations
Plaintiffs contend that the trial court erred in determining that plaintiffs' claim *241 to the one-quarter mineral interest in tract A was barred by C.R.S.1963, 118-7-16. We agree.
The cited statute provides:
"No action . . . shall be brought. . . by any person to enforce or procure any right or title accorded to the purchaser under any contract for the purchase and sale of real property, if such person be not in the possession of the real property described in and the subject of such contract of purchase and sale, except that such action or proceeding be commenced within ten years of the day or the happening of the event appointed in said contract or [sic][1] the delivery by the seller of a deed of conveyance of the property therein agreed to be purchased and sold."
Upon reservation in the contract between Brian and Sullivan of the one-quarter mineral interest claimed by plaintiffs, the possession and title of that mineral interest became distinct and separate from the surface estate. See Simson v. Langholf, 133 Colo. 208, 293 P.2d 302. As stated above, upon payment in full by Sullivan to Wrockloffs, equitable fee title to the one-quarter mineral interest vested in Brian; Wrockloffs held the legal title in trust solely for the purpose of conveying same to Brian. See Western Motor Rebuilders, Inc. v. Carlson, supra. The issue then becomes the extent to which the mineral owner must "possess" his interest in order to avoid the bar of the statute.
Since the owner of the mineral estate does not lose possession or title by mere non-use and since Valley View's ownership and occupancy of the surface does not constitute possession of the mineral estate, see Calvat v. Juhan, 119 Colo. 561, 206 P.2d 600, we hold that, absent evidence that Valley View actually dispossessed plaintiffs of the mineral estate by drilling or exploration for minerals, plaintiffs retained the requisite possession of a mineral interest so as to preclude application of the bar of the statute.

III. Heirship of Pat K. Brian
As additional grounds for denying plaintiffs' claim, the trial court determined that the evidence was insufficient to show that plaintiffs were the heirs of Pat K. Brian. Plaintiffs contend this ruling was error because they do not claim as heirs; rather, their claim is based upon conveyances from the only heir of Brian.
While, as the trial court noted, no determination of heirship proceeding was initiated to determine the heirs of Brian, such a proceeding is not a prerequisite to assertion of rights acquired from the heir of a deceased. See Hanson v. Dilley, 160 Colo. 371, 418 P.2d 38. Plaintiff W. H. Brian testified without contradiction that Pat K. Brian died intestate, and the court admitted in evidence W. H. Brian's affidavit reflecting that Pat K. Brian's widow was his only heir. There is no dispute relative to the conveyances from the widow to the plaintiffs. Hence, their title to the mineral interest is established, and they are entitled to a decree to that effect.
Judgment reversed and cause remanded for entry of judgment consistent with this opinion.
SMITH and VAN CISE, JJ., concur.
NOTES
[1] Apparently an error in the recodification of the statute. The former statute, C.R.S. 1953, 118-7-16, read: ". . . within ten years of the day or the happening of the event appointed in said contract for the delivery by the seller of a deed of conveyance. . .." (emphasis supplied)