### No. 79SA7

**South of Second Associates, a partnership, Ketchum, Konkel, Barrett, Nickel, Austin, Inc., a Colorado corporation; William C. Holmes, Robert E. Eckels, and Richard W. Eckels v. Georgetown, Colorado, a municipal corporation; Brent W. Kruger, being the present Police Judge of Georgetown, Colorado; James C. Abbott, Jr., Ron Neely, Thomas L. Briddle, Jerry B. Buckley, William C. Thaxton, Kenneth E. Kessler, being and constituting the present Board of Selectmen of Georgetown, Colorado; Jerry B. Buckley, Henry K. Anderson, Robert J. Fretencourt, Cynthia C. Wadsworth, Elizabeth Glenn, Harold D. Haskins, Robert Gibbs, being and constituting the present Historical Preservation Commission of Georgetown, Colorado; Orion C. Shockley and Helen Rockwell, as prior members of the Board of Selectmen of Georgetown, Colorado; and Robert Terry, the present Building Inspector of Georgetown, Colorado**

(609 P.2d 125)

Decided April 7, 1980.     Opinion modified and as modified rehearing denied April 28, 1980.

Richard E. Young, Robert R. Keatinge, Frank D. Plunkett, Jr., for plaintiffs-appellants.

Stitt, Wittenbrink & Roan, P.C., Philip F. Roan, for defendants-appellees.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

This is the second time we have been called upon to review the denial of a building permit to plaintiff-appellants, South of Second Associates (SSA). In *South of Second Associates, Inc. v. Georgetown*, 196 Colo. 89, 580 P.2d 807 (1978), we affirmed a district court ruling that Georgetown Ordinances Nos. 205 and 206 were unconstitutionally vague. We are now asked to review a district court's order denying SSA's petition for further relief pursuant to section 13-51-101, *et seq.*, C.R.S. 1973 (The Uniform Declaratory Judgments Law) and C.R.C.P. 57. That petition requested, *inter alia*, that the court order the defendant-appellee, Georgetown, a municipal corporation, to promptly process SSA's application for a building permit and, in addition, that the court award actual and exemplary damages. We reverse the district court and remand with directions.

## I.

Five days before our decision in *South of Second Associates, Inc.* became final,[1] SSA requested that the town clerk of Georgetown process its original building permit application or, in the alternative, accept a new application. The request, which was made on July 19, 1978, was denied and SSA was advised that Georgetown would not accept a new application from SSA. On July 25, 1978, SSA filed a supplemental petition for declaratory relief and damages with the district court. The petition alleged, in part, that on December 18, 1972, SSA had filed an application for a building permit; that the land upon which the buildings were to be constructed was properly zoned; and that the sole basis for the denial of the building permit was Georgetown Ordinances Nos. 205 and 206. In addition, the petition alleged that on July 19, 1978, Georgetown advised SSA that:

(a) Georgetown would not promptly process SSA's application for a building permit;

(b) Georgetown would not accept a new building permit application from SSA regarding the project which is the subject of this action;

(c) Georgetown would not provide SSA with building permit application forms;

(d) Georgetown would not, in fact, accept any application or fee tendered by SSA relevant to the subject property.

All of these allegations were admitted by Georgetown in its response to the petition.

After a hearing, the district court dismissed the petition, holding that, on appeal to the Supreme Court, SSA had waived all claims against Georgetown for failure to process the original application for a building permit. In addition, the district court held that Georgetown had not wrongfully dishonored SSA's application for a new permit since that application was made prior to the date that the decision in *South of Second Associates, Inc.* became final.

## II.

■ In our view, the prefatory allegations in SSA's complaint provided a proper foundation for the relief requested in the July 25th supplemental petition. It has long been recognized that section 13-51-112, C.R.S. 1973 and Rule 57(h) C.R.C.P. grant the right to file a petition for further relief after an opinion is rendered, and, in fact, authorize the very procedure which was followed in this case. *See Atchinson v. City of Englewood*, 180 Colo. 407, 506 P.2d 140 (1973). Rule 57(h) sets forth:

"Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition

---

[1] Under C.A.R. 41, the mandate of the court issues fifteen days after the entry of judgment.

to a court having jurisdiction to grant the relief. If the application is deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith."

■ With the admissions and the record providing the posture for appeal, no further delay is to be countenanced and the district court is accordingly reversed. We now direct the district court to order that the original application for a building permit by SSA, with its accompanying fees, be accepted by Georgetown and that the application for a building permit be promptly processed and issued.

### III.

■ The second issue before us goes to the damage claim asserted by SSA for failure of Georgetown to issue a building permit. Evidence was admitted which established that SSA suffered substantial losses by reason of the delay and refusal of Georgetown to grant the building permit. On appeal it is asserted that the Colorado Governmental Immunity Act bars such a claim. *See* section 24-10-101, *et seq.*, C.R.S. 1973. Questions of notice and of individual liability are asserted for the first time on appeal.

In light of the defenses which are now raised in this Court, we remand this case to the district court for further consideration of the issues relating to damages.

Accordingly, the district court is reversed and the case is remanded for further proceedings consistent with the views and directions set forth in this opinion.

JUSTICE GROVES and JUSTICE DUBOFSKY do not participate.