Apolinar **RAEL, Rosendo Martinez, Joseph E. Medina, Daniel Segura, Gilbert Medina, Loyola Medina, Juan La-Coombe, Bonnie Lobato, Walter Vigil, Eugene Lobato, Rudy Montoya, Clorindo Martinez, Adelmo Kaber, Emilio Lobato, Leandardo Medina, Alfanzo Medina, Rupert Gallegos, Gloria Gallegos, Robert Atencio, Frank Sanchez, Bentura Roybal, S.R. Sanchez, Leonides Atencio, Cruicito Maez, Henry Lobato, Vernon Sanchez, Ruben Herrera, Billy**

Alire, Willie Alire, Richard Garcia, Eppy Quintana, Willie Ray Montoya, Pete E. Espinoza, Raymond J. Maestas, Bobby Maestas, Shirley Romero, Marvin Medina, Manuel Gardunio, Leonardo Martinez, Tonita Garcia, Orry Medina, Raymond Garcia, Floyd R. Solan, Adolph J. Lobato, Presentacion Lobato, Elesam Santistevan, Raymond N. Medina, Agatha Medina, Juan DeHerrera, Hubert J. Martinez, Emejido Vialpando, Joe P. Vigil, Larry J. Vigil, David Martinez, Charlie Jaquez, Jr., Ervin L. Vigil, Manuel Maestas, Pete Lobato, Anthony Sanchez, Emilio DeHerrera, Jose F. Lobato, Eugene Sanchez, Gerald Sanchez, Lawrence Vialpando, Bonnie Sanchez, Jose G. Sanchez, Elmer Manuel Espinoza, James Sanchez, Gilbert Herrera, Robert Romero, Carlos Lobato, Andres Montoya, Bert Maestas, Henry Rodriguez, Michael J. Vigil, Jose R. Torres, Manuel Vigil, Evan Sanchez, Solestiano Martinez, Rufino Sanchez, Arnold Valdez, Caroline Taylor, Martha Vialpando, Mark Martinez, Jesse Martinez, Ruben Gallegos, Joe A. Gallegos, Moises Gallegos, Margarito Espinoza, Sam Valdez, Jose F. Carson, Ronald A. Sandoval, Daniel Martinez, Frances D. Berggran, Maria Jaquez, J.R. Jaquez, Alberto Quintana, Jeffrey Jaquez, Frank Olivas, Gertrude C. Olivas, individually and as representatives of the Class of Heirs and successor in interest to the original settlers of the Sangre de Cristo Grant, Plaintiffs–Appellants and Cross–Appellees,

v.

Zachary TAYLOR, as Executor of the Estate of Jack T. Taylor, Jr., Deceased, Defendant–Appellee and Cross–Appellant.

No. 87CA0658.

Colorado Court of Appeals, Div. V.

Dec. 5, 1991.

Rehearing Denied Jan. 16, 1992.

Certiorari Granted July 7, 1992.

Jeffrey A. Goldstein, Karp & Dodce, Sander N. Karp, Stern and Elkind, Kenneth H. Stern, Denver, for plaintiffs-appellants and cross-appellees.

Wolf & Slatkin, P.C., Albert B. Wolf, Robert H. Winter, Denver, for defendant-appellee and cross-appellant.

David H. Miller, Denver, for amicus curiae American Civil Liberties Union Foundation of Colorado.

Opinion by Judge PLANK.

Plaintiffs appeal the summary judgment dismissing their complaint to quiet title against defendants. The defendants cross-appeal the denial of attorney fees by the trial court. We affirm.

This quiet title action was filed in March 1981. The plaintiffs prayed for a decree to quiet title to certain usufructuary rights including grazing, hunting, fishing, timbering, firewood gathering, and recreation on land owned by Jack T. Taylor, Jr. The claims were made on behalf of the heirs and successors in interest to the settlers on the "Sangre de Cristo" land grant and under the "Treaty of Guadalupe Hidalgo."

The land consists of two parcels located in Costilla County, Colorado: the "Mountain Tract" and the "Salazar Estate." The parcels are adjacent to each other and are commonly known as the "Taylor Ranch."

In 1965, the U.S. District Court entered a Torrens Title Action Decree quieting title to the Mountain Tract in Jack T. Taylor, Jr. (*Taylor v. Jacques*, Action No. 6904) (Mountain Tract Action). The decree was affirmed by the Federal Court of Appeals in *Sanchez v. Taylor*, 377 F.2d 733 (10th Cir.1967). The Salazar Estate was similarly subject to a quiet title action in 1960, quieting title to Taylor's predecessors in title (Salazar Action).

The defendants in the Mountain Tract Action and those in the Salazar Action were almost identical. None of the defendants were in possession of the lands or appear in the respective chains of title. They, like the plaintiffs in this action, claimed usufructuary rights based on the Sangre de Cristo land grant and the Treaty of Guadalupe Hidalgo.

By defendant's motion, the trial court granted summary judgment in this action dismissing plaintiffs' complaint, in part, on the basis of *res judicata.*

## I.

Plaintiffs contend the trial court erred in barring their claims by *res judicata* because they were not properly given notice in the Mountain Tract Action and, therefore, were not parties to that litigation. To bar them from litigating the current action, plaintiffs argue, is a denial of their due process rights. We disagree.

■ Under the doctrine *res judicata,* a prior judgment is an absolute bar to the prosecution of a second action on the same claim or demand between the same parties or their privies, not only as to matters actually litigated but also to every matter which might have been litigated in the prior action. *People in Interest of G.K.H.,* 698 P.2d 1386 (Colo.App.1984); 18 *C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure: Jurisdiction* § 4402 (1981).

■ To operate as a bar, the prior action had to have involved an identity of subject matter; identity of cause of action; identity of parties to the action; and identity of capacity in the parties for whom or against whom the claim is made. *Newby v. Bock,* 120 Colo. 454, 210 P.2d 985 (1949).

■ As to the first identity, the subject matter of the Mountain Tract Action and that of the Salazar Action are identical to the subject matter involved here. The Mountain Tract Action involved the title to "land situated in the County of Costilla, State of Colorado embracing approximately 77,524 acres, commonly known as the Mountain Tract." The Salazar Action involved title to the Salazar Estate. Title to both properties is involved in this case.

As to the second identity, the cause of action asserted by plaintiffs in the instant

action is identical to the cause of action alleged in both of the previous actions. This cause of action has been litigated and final judgment has been entered.

Here, plaintiffs assert rights to the Taylor Ranch including grazing, hunting, lumbering, firewood gathering, pasturing, and recreation. Plaintiffs allege these rights derive from "Spanish law, Mexican law, the custom of Mexico and Spain, the terms of the Sangre de Cristo Grant, express and implied, of the original grantees and their successors, all as guaranteed to the plaintiffs by terms of the Treaty of Guadalupe Hidalgo...."

In the prior title action, the defendants claimed the same rights to Mountain Tract. As noted by the Tenth Circuit in the appeal: "[I]n their answer, defendants claimed unlimited equitable rights upon this land with respect to grazing cattle, taking timber, hunting, fishing, water, and recreational uses." *Sanchez v. Taylor, supra.* Denial of these rights was affirmed by the Court of Appeals:

> We find no error in the trial court's conclusion that appellants, as a matter of law, have no rights in Taylor's land under Mexican law or the original grant. Any conflicting rights prior to the Confirmatory Act of 1860 which might have arisen or existed by reason of the original grant from Mexico, considered in the light of Mexican law and the Treaty of Guadalupe Hidalgo, were thereby extinguished.

*Sanchez v. Taylor, supra.*

Similarly, in the Salazar Action, the court decreed "that each of the defendants has no right, title, or interest in or to said real property ... [and] they are forever enjoined from asserting any claim, right, title, or interest in or to said real property." Defendants did not appeal that determination.

Plaintiffs argue that they were not named, served, or in privity with the parties to the previous actions, and therefore, they are not barred from litigating the present claim. Again, we disagree.

◼ The third identity of *res judicata* is an identity of parties or their privies. *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1973). And, in cases in which the subject matter of the litigation is property, successors in interest to that property are in privity of estate with the parties to the litigation. *See Green v. Chaffee Ditch Co.*, 150 Colo. 91, 371 P.2d 775 (1962); *Brian v. Valley View Cattle Ranch, Inc.*, 35 Colo. App. 428, 535 P.2d 237 (1975).

> 'When a judgment establishes the law of the case ... it becomes a rule of property as to the subject matter of the suit, and passes with it to all persons subsequently claiming under such parties....'

*Green v. Chaffee Ditch Co., supra;* (quoting *Craddock v. Palmer*, 91 Colo. 79, 11 P.2d 807 (1932)).

Plaintiffs' claim here is based on their asserted status as successors in interest to the Mountain Tract and Salazar defendants. Thus, although not a party to the previous actions, the group of plaintiffs in the instant action are in privity with the Mountain Tract and Salazar defendants by virtue of their claims of succession in interest to the property under the Sangre de Cristo Grant and the Treaty of Guadalupe Hidalgo. The decrees quieting title against defendants in the previous actions are therefore binding on plaintiffs as parties in privity.

The fourth identity, the capacity of the parties, is not at issue here. We conclude that each of the identities has been satisfied. Therefore, we hold that plaintiffs' claims are barred by the doctrine of *res judicata*.

In light of our holding, we need not discuss plaintiffs' remaining contentions on appeal.

## II.

Defendant argues that the trial court erred in not awarding him attorney fees. They allege that plaintiffs' complaint was frivolous and vexatious and that, therefore, they should be awarded attorney fees pursuant to § 13–17–102, C.R.S. (1987 Repl. Vol 6A).

Here, the trial court did not find the action to be groundless or frivolous as there is legal authority to support some of the issues alleged by the plaintiffs. Review of the record reveals sufficient evidence to support the trial court's ruling.

Judgment affirmed.

JONES and NEY, JJ., concur.