**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 26 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAFI M. KHAN,

       Plaintiff-Appellant,

v.

NEW FRONTIER MEDIA, INC.,
MICHAEL WEINER, and Does 1
through 10, inclusive,

       Defendants-Appellees.

No. 02-1247
(D.C. No. 00-M-1031)
(Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **LUCERO** and **HARTZ,** Circuit Judges.

Rafi M. Khan appeals the grant of summary judgment in favor of

defendants New Frontier Media and Michael Weiner on Mr. Khan's claim for

tortious interference with contractual relations. The district court ruled Mr.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Khan's cause of action precluded by an earlier state court judgment. We reverse.[1]

We review the grant of summary judgment de novo, applying the same standard as the district court. *Wark v. United States*, 269 F.3d 1185, 1187 (10th Cir. 2001). "Summary judgment is proper if the movant shows 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (quoting FED. R. CIV. P. 56(c)). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 528 U.S. 815 (1999).

Mr. Khan is a financial services and investor relations consultant. New Frontier is a corporation involved in the distribution of adult entertainment. Mr. Weiner was the executive vice president of New Frontier during the time period relevant to this suit. In April 1998, New Frontier entered into a contract with Cohig and Associates, a financial consulting company. Cohig agreed to provide New Frontier with financial consulting services in exchange for warrants to

---

[1] None of the parties has requested oral argument. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

purchase shares of common stock in New Frontier. Cohig then entered into a separate agreement with Mr. Khan, under which Mr. Khan agreed to perform the financial services Cohig was obliged to provide under its contract with New Frontier in return for a percentage of the New Frontier warrants issued to Cohig. Shortly after the performance period expired, both Mr. Khan and Cohig made efforts to collect the warrants allegedly due under the New Frontier-Cohig contract. Contending that no services had been rendered, New Frontier maintained no warrants were due and refused to issue them.

New Frontier sought a declaratory judgment in Colorado state court in September 1999 regarding its contractual obligations to Cohig and Mr. Khan. The state court entered a default judgment against Mr. Khan in June 2000, declaring that New Frontier was not obligated to pay him any compensation. In February 2001, upon stipulation of New Frontier and Cohig, the state court entered judgment declaring that "no warrants, options or other common stock [were] to be paid" under the New Frontier-Cohig contract. Aplt. App. at 62.

A week after New Frontier filed its action in Colorado, Mr. Khan filed this suit against New Frontier in the Central District of California. His amended complaint alleged violations of federal securities law and three state-law claims, including one labeled breach of contract. It asserted federal jurisdiction for the federal securities claims under 28 U.S.C. § 1331, and supplemental jurisdiction

for the state law claims. New Frontier moved to dismiss, contending the complaint failed to state a federal securities claim and that in the absence of any federal claims, there was no supplemental jurisdiction supporting the state law claims. Mr. Khan responded that all the elements of diversity jurisdiction were present even without his federal claim, and he sought to amend the complaint to allege subject matter jurisdiction based on diversity. He also sought leave to amend to "set forth such additional facts as may be appropriate," and to re-label his breach of contract claim as one for tortious interference with contract.

The district court granted the motion to dismiss and denied Mr. Khan leave to amend. Mr. Khan moved for reconsideration. The district court held another hearing and granted Mr. Khan's motion, allowing him to plead diversity as a jurisdictional basis and to proceed with his re-labeled tortious interference claim. The court left in place the dismissal of the other claims and granted New Frontier's motion to transfer venue to the District of Colorado.

After the transfer, New Frontier moved for summary judgment on the sole remaining claim of tortious interference contending that (1) the Colorado state court default judgment precluded such a claim, (2) Mr. Khan lacked sufficient evidence to create a triable issue, and (3) the California district court had erred in granting relief from its original judgment. The district court granted summary judgment on the basis of preclusion. Mr. Khan now appeals.

We review de novo the district court's determination that the doctrine of res judicata barred the plaintiff's claims. *See Fox v. Maulding*, 112 F.3d 453, 457 (10th Cir. 1997). Because "[f]ederal courts must give to state court judgments 'the same full faith and credit . . . as they have by law or usage in the courts of such State . . . in which they are taken,'" *id.* at 456 (quoting 28 U.S.C. § 1738), Colorado law determines the preclusive effect of the state court judgment.

In Colorado, claim preclusion generally applies when there is (1) a final judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity of parties. *Cruz v. Benine*, 984 P.2d 1173, 1176 (Colo. 1999). Colorado cases hold that a defendant to a declaratory judgment action, as Mr. Khan was here, is not required to assert as a compulsory counterclaim a claim for damages arising out of the relationship at issue in the declaratory judgment action. *See Eason v. Bd. of County Comm'rs*, 961 P.2d 537, 540 (Colo. Ct. App. 1997). Thus, "[a] declaratory judgment . . . does not constitute an absolute bar to subsequent proceedings where the parties are seeking other remedies, even though based upon claims which could have been asserted in the original action." *Atchison v. City of Englewood*, 506 P.2d 140, 143 (Colo. 1973).

This case is somewhat complicated by the fact that there were three parties to the declaratory judgment action and two separate declaratory judgments were entered, one for each defendant. The default judgment entered against Mr. Khan

declared that New Frontier did not owe Mr. Khan anything under the New Frontier-Cohig agreement or otherwise. The judgment to which New Frontier and Cohig subsequently stipulated established that "no warrants, options or other common stock [were] to be paid" under the New Frontier-Cohig contract.

New Frontier contends nothing was due under its contract with Cohig at the time of the declaratory judgment action because New Frontier had not actually requested any services under the contract and any obligation to pay warrants was only triggered by such a request. Mr. Khan asserts that the contract price was for the option of requesting services during the contract period except where otherwise specified, and that the warrants were due under the contract regardless of whether services were requested or provided. The stipulated judgment between New Frontier and Cohig indicates only that nothing was due at the time of the judgment; it does not say that nothing was due at the outset of the litigation. None of the parties presented any evidence with regard to whether anything of consequence occurred between the time the suit was filed and the time judgment was entered. Preclusion is an affirmative defense, so New Frontier bore the burden of persuasion on this point. *See Owens v. Sun Oil Co.*, 482 F.2d 564, 567 (10th Cir. 1973). New Frontier was required to establish that the stipulated judgment entitled it to prevail on the ground that it owed Cohig nothing when the state suit was filed. Because New Frontier has not carried this burden, the state

court stipulated judgment does not bar Mr. Kahn from asserting his tortious interference claim.

New Frontier also suggests we may affirm on the alternative ground that Mr. Khan failed to put on sufficient admissible evidence of tortious interference with contract.[2]  The district court did not address this argument and the evidence presented appears sufficient to raise factual issues supporting Mr. Kahn's theory that New Frontier and Cohig colluded to prevent him from receiving the warrants due him.  This theory is supported by the deposition testimony of Mr. Khan, *see* Aplee. App. at 32-74, and Mr. Rappaport, *see* Aplt. App., doc. 73, ex. 1.  Moreover, the settlement agreement is not in the record, so we can determine

---

[2] In his sur-reply, Mr. Khan attached an exhibit containing the deposition testimony of Mr. Richard Rappaport, the manager of Cohig's Corporate Finance Department who signed the agreements with both New Frontier and Mr. Kahn.  Mr. Rappaport testified that Cohig representatives told him not to pursue collection of the warrants because doing so might interfere with efforts by Cohig to obtain other deals with New Frontier.  New Frontier argues for the first time on appeal that the testimony is hearsay under Federal Rules of Evidence 801(c) and 802 and is inadmissible when offered against New Frontier to show improper interference.

New Frontier had ample opportunity in the district court to object to Mr. Rappaport's testimony as hearsay because Mr. Khan filed his sur-reply on November 30, 2001, and the district court did not grant summary judgment until April 11, 2002.  Because New Frontier did not object on hearsay grounds, we will not exclude Mr. Rappaport's testimony from our consideration of whether summary judgment is appropriate. *See Associated Press v. Cook*, 513 F.2d 1300, 1303 (10th Cir. 1975) (if party fails to object to affidavits filed in support of summary judgment motion and argues their inadmissability for the first time on appeal, any formal defects contained in affidavits are deemed waived and the affidavits may be considered in ruling on summary judgment motion).

neither what it says nor whether it indicates collusion between New Frontier and Cohig. These factual questions require further investigation by the district court.

New Frontier's third argument is that the California district court erred by granting the motion for reconsideration after having dismissed the action, and by transferring venue to the District of Colorado. In *McGeorge v. Continental Airlines, Inc.*, 871 F.2d 952 (10th Cir. 1989), however, we held that we lack jurisdiction under 28 U.S.C. 1294(1) to review an order of a federal district court outside our circuit. *Id.* at 954. In *McGeorge*, the district court in the District of Columbia dismissed some of the plaintiff's claims and then transferred venue to the Western District of Oklahoma. The plaintiff asked us to review the dismissal order but we concluded we had no jurisdiction to do so. The same is true here because "[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (citations omitted). Pursuant to *McGeorge*, we do not have jurisdiction to consider New Frontier's third argument.

Accordingly, we **REVERSE** and **REMAND** for further proceedings.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-8-