**ARGUS REAL ESTATE, INC.,**
**Plaintiff–Appellant,**

**v.**

**E–470 PUBLIC HIGHWAY AUTHORITY,**
**Defendant–Appellee.**

No. 02CA2044.

Colorado Court of Appeals,
Div. III.

Dec. 31, 2003.

Certiorari Granted Sept. 7, 2004.

Montgomery Little & McGrew, P.C., Frederick B. Skillern, Greenwood Village, Colorado, for Plaintiff–Appellant.

Icenogle, Norton, Smith & Blieszner, P.C., Edward J. Blieszner, Sara Wagers–Johnson, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge NIETO.

Plaintiff, Argus Real Estate, Inc., appeals the summary judgment dismissing its claims against defendant, E–470 Public Highway Authority. We affirm.

In 1990, Britton Ranch, Ltd., a Colorado limited partnership, and the Authority entered into an agreement whereby a parcel of land was donated to the Authority for use in the construction of the E–470 highway. The agreement provided that if the Authority no longer needed the property, it would offer the property to Britton Ranch or its assigns "by quit claim deed without charge." Also in 1990, a gift deed transferring the property to the Authority was issued by Britton Ranch and signed by a representative of Argus Real Estate Partners, Inc. (Argus Partners), the general partner of Britton Ranch. Britton Ranch then assigned its right in the agreement to Argus Real Estate, Inc. (Argus Real Estate). Argus Partners and Argus Real Estate are separate and distinct entities.

Ultimately, the Authority did not use the property in the construction of the highway. In 2000, it brought a declaratory judgment and quiet title action against Britton Ranch and Argus Partners, but failed to name Argus Real Estate as a party to the action. Britton Ranch and Argus Partners answered the complaint and asserted counterclaims for themselves and "their successors in interest." The counterclaims were for breach of contract, specific performance, declaratory judgment, and quiet title. The trial court held that the reservation of rights in the agreement violated the common law rule against perpetuities, and a judgment quieting title in the Authority was entered. A division of this court affirmed the judgment in *E–470 Public Highway Authority v. Argus Real Estate Partners, Inc.*, 70 P.3d 481 (Colo.App.2002)(*Argus I* ).

Argus Real Estate then filed this action asserting claims for reformation of the contract and the deed, unjust enrichment, and promissory estoppel. The trial court found this suit was barred by the doctrine of res judicata and entered summary judgment dismissing the case. This appeal followed.

We review the entry of summary judgment de novo and give the nonmoving party the benefit of all favorable inferences. *GE Life & Annuity Assurance Co. v. Fort Collins Assemblage, Ltd.,* 53 P.3d 703 (Colo.App. 2001).

## I.

Argus Real Estate first contends the court erred in dismissing its suit on res judicata grounds because it was not named as a party in the first action. We disagree.

■ The doctrine of res judicata provides that a final judgment on the merits is conclusive in any subsequent litigation involving the same claims, the same subject matter, and either the same parties or those in privity with them. *Foley Custom Homes, Inc. v. Flater,* 888 P.2d 363 (Colo.App.1994). "Privity exists when there is a substantial identity of interests between a party and a non-party such that the non-party is virtually represented in litigation." *People in Interest of M.C.,* 895 P.2d 1098, 1100 (Colo.App.1994), *aff'd sub nom. S.O.V. v. People in Interest of M.C.,* 914 P.2d 355 (Colo.1996). In litigation where the subject matter is property, successors in interest to that property are in privity of estate with the parties to the litigation and are bound by the judgment. *Rael v. Taylor,* 832 P.2d 1011 (Colo.App.1991), *rev'd in part on other grounds,* 876 P.2d 1210 (Colo.1994); *see also Brian v. Valley View Cattle Ranch, Inc.,* 35 Colo.App. 428, 535 P.2d 237 (1975). "When a judgment establishes the law of the case ... it becomes a rule of property as to the subject matter of the suit, and passes with it to all persons subsequently claiming under such parties...." *Green v. Chaffee Ditch Co.,* 150 Colo. 91, 99, 371 P.2d 775, 779 (1962)(quoting *Craddock v. Palmer,* 91 Colo. 79, 82, 11 P.2d 807, 808 (1932)).

■ Like the trial court, we conclude that Argus Real Estate was in privity with Britton Ranch and is bound by the judgment in the first action.

Argus Real Estate's only claim to rights under the contract comes from the assignment of those rights to it by Britton Ranch. The assignment to Argus Real Estate recites that Britton Ranch had distributed a note and deed of trust from the Authority to its partners "in liquidation of the partnership." The assignment further recites that Britton Ranch had "entered into an agreement for [Argus Real Estate] to serve as agent to collect" money owed to Britton Ranch by the Authority and that its contracts with the Authority were being assigned to Argus Real Estate to assist it "in its efforts to collect" from the authority.

Argus Real Estate thus was the successor in interest to the contract rights originally retained by Britton Ranch. Further, Argus Real Estate's interest in the contract was as agent for its principals, Britton Ranch and its partners. Therefore, we conclude that Argus Real Estate is in privity of estate with Britton Ranch and that the relationship between these parties justifies holding Argus Real Estate to the result reached in the first action, in which Britton Ranch and Argus Partners were named parties. *See Pub. Serv. Co. v. Osmose Wood Preserving, Inc.,* 813 P.2d 785, 788 (Colo.App.1991)(quoting *Daigle v. City of Portsmouth,* 129 N.H. 561, 572, 534 A.2d 689, 694 (1987): "a finding of privity is simply a conclusion that something in the relationship of party and non-party justifies holding the latter to the result reached in litigation in which only the former is named").

In the first action, Britton Ranch defended and asserted counterclaims on behalf of itself and its successors in interest, demonstrating its willingness and ability to protect its own interest and any interest assigned to Argus Real Estate as its agent. Because Argus Real Estate's interest was only as an agent for Britton Ranch and no other successor in interest to Britton Ranch's claim under the contract was identified, Britton Ranch actually represented Argus Real Estate's interest in the first action. Further, Argus Real Estate fails to point to any specific instances in which its interests were not adequately represented by Britton Ranch.

We conclude that the interests of Argus Real Estate were represented in the first action because it was in privity with Britton Ranch, which was a named party in that action. Therefore, Argus Real Estate is

bound by the judgment in that action even though it was not a named party there, and the trial court correctly applied the doctrine of res judicata.

## II.

Argus Real Estate next contends its suit fell within the exception to the doctrine of res judicata stated in *Atchison v. City of Englewood*, 180 Colo. 407, 506 P.2d 140 (1973), and thus, the court erred in dismissing its claims. We disagree.

In *Atchison*, the plaintiffs had pursued and lost a declaratory judgment action concerning their repurchase rights in property sold to the City of Englewood. The plaintiffs then brought an action for reformation of the agreement, rescission of the conveyance to the city, and damages. The supreme court held that the judgment solely for declaratory relief in the plaintiffs' first action was conclusive on the issues ruled upon, but was not an absolute bar to the subsequent proceedings where they were seeking other remedies, even though these remedies were based on claims that could have been asserted in the original declaratory judgment action.

In *Atchison*, the supreme court overruled in part *Lane v. Page*, 126 Colo. 560, 251 P.2d 1078 (1952), stating, "we confine ourselves here to the holding that as to declaratory judgment actions [*Lane v. Page* ] is overruled." *Atchison, supra*, 180 Colo. at 413, 506 P.2d at 143.

■ Therefore, we read *Atchison* as creating a limited exception to the doctrine of res judicata where the prior judgment is solely a declaratory judgment. *See Eason v. Bd. of Co. Com'rs*, 961 P.2d 537 (Colo.App. 1997). We further conclude that *Lane v. Page* retains vitality insofar as it holds that a prior judgment that adjudicated claims for both declaratory judgment and coercive relief creates a bar to further litigation of claims that could have been raised in the prior action.

In *Argus I*, the Authority brought claims for declaratory judgment and quiet title, and the defendants, Argus Real Estate's privies, brought counterclaims for coercive relief including quiet title. The *Argus I* trial court

quieted title in the Authority and ruled against the defendants on their claims for coercive relief.

■ Accordingly, we conclude that Argus Real Estate's claims here were barred by res judicata, and the trial court did not err in so holding.

Argus Real Estate admits the parties in the first action sought remedies other than declaratory judgment, including quiet title. However, it urges us to extend the *Atchison* res judicata exception to the facts of this case, arguing that in the context here, a declaratory judgment claim is indistinguishable from a quiet title claim. We decline to do so.

In a declaratory judgment, the court declares the rights of parties "under a deed, . . . written contract, or other writings constituting a contract." Section 13–51–106, C.R.S.2003; *see also* C.R.C.P. 57. While a document interpreted in a declaratory judgment may affect the title to land, the declaratory judgment does not adjudicate title. In contrast, a quiet title decree adjudicates title to property as between the parties to the action. *See Dynasty, Inc. v. Winter Park Assocs., Inc.*, 5 P.3d 392 (Colo.App.2000).

Therefore, we perceive substantial differences between the two causes of action and reject Argus Real Estate's contention that they should be treated the same for res judicata purposes.

Further, allowing the exception to the doctrine of res judicata urged by Argus Real Estate would reduce the effectiveness of quiet title decrees. Title examiners would have to examine the basis for the judgment before they could conclude that the quiet title decree conclusively determined ownership as between the parties named in the decree.

Strong public policy favors the finality of litigation. We also have a public policy in favor of ensuring that real estate titles are secure and marketable, and this policy supports the finality of quiet title actions. *Lobato v. Taylor*, 70 P.3d 1152 (Colo.2003). These public policy interests would not be served by allowing Argus Real Estate to continue its litigation through the narrow exception in

*Atchison.* Accordingly, we decline to extend the *Atchison* exception to the doctrine of res judicata to these facts.

## III.

■ Argus Real Estate next contends the trial court erred in dismissing its suit because its claim for reformation of the agreement under § 15–11–1106(2), C.R.S.2003, was not ripe for adjudication until the court in *Argus I* determined that the property interest violated the common law rule against perpetuities. Argus Real Estate therefore argues it could not have brought this claim until after *Argus I* was concluded. We disagree.

The Colorado Statutory Rule Against Perpetuities Act, § 15–11–1101, et seq., C.R.S. 2003, became effective May 31, 1991. Section 15–11–1106(2) provides that if a property interest created before the effective date is determined in a judicial proceeding to violate the common law rule against perpetuities, "a court ... shall reform" the instrument by inserting a savings clause.

The language of § 15–11–1106(2) does not prohibit asserting the reformation claim in the action that determined the rule against perpetuities was violated. Section 15–11–1106(2) was modeled after the Uniform Statutory Rule Against Perpetuities (USRAP). 2A Cathy Stricklin Krendl, *Colorado Methods of Practice* § 72.27 (4th ed.1998). The USRAP anticipates that "the equitable power to reform would typically be exercised in the same judicial proceeding in which the invalidity is determined." USRAP § 5 cmt. (amended 1990), 8B U.L.A. 285, 287, 289 (2001); *see also* Mont.Code. Ann. § 72–2–1006 (2003)(similar comments in statutes enacting the USRAP); N.C. Gen.Stat. § 41–19 (2003)(same).

■ The function of the doctrine of res judicata is to avoid relitigation of the same claims because of the cost imposed upon the parties by multiple lawsuits, the burden upon the judicial system, and the need for finality in the judicial process. *Foley Custom Homes, Inc. v. Flater, supra.* In view of the strong public policy favoring the finality of litigation and the security and marketability of titles, *see Lobato v. Taylor, supra,* and the ability of a claimant to plead alternative claims for relief, *see* C.R.C.P. 8(e)(2), we decline to read into § 15–11–1106(2) a requirement that the reformation claim be raised in a subsequent proceeding.

Accordingly, because Britton Ranch and Argus Partners could have brought this reformation claim in *Argus I* and failed to do so, Argus Real Estate, their agent and successor in interest, was barred by the doctrine of res judicata from asserting the claim in this proceeding.

Accordingly, the judgment is affirmed.

Judge TAUBMAN and Judge CARPARELLI concur.